NATIONAL LIBERTY INSURANCE COMPANY *v.* TRATTNER.

## Opinion delivered April 4, 1927.

1. INSURANCE — FOREIGN COMPANY — JURISDICTION. — Under Const. 1874, art. 12, § 11, and Crawford & Moses' Dig., § 6063, relating to foreign corporations doing business in the State and providing for service of process on the Insurance Commissioner in actions against foreign insurance corporations, an insurance corporation of another State cannot be sued in Arkansas on a contract of insurance made in the other State with a resident of that State, covering property located therein.

2. CORPORATIONS — LIABILITY TO BE SUED. — At common law, corporations could not be sued out of the State of their domicile, under the laws of which they were created or organized.

3. VENUE — TRANSITORY ACTION. — An action on a fire insurance policy is transitory, and at common law could be brought in any jurisdiction where the defendant could be found or lawfully summoned to appear, or where defendant voluntarily appeared without objecting to the jurisdiction of the court.

4. STATUTES — EXTRATERRITORIAL EFFECT. — The Legislature is presumed to intend that its statutes shall not apply to acts or contracts done or effected beyond the limits of the State and having no reference to or effect upon persons or property in the State.

Appeal from Craighead Circuit Court; *G. E. Keck,* Judge; reversed.

### STATEMENT BY THE COURT.

Appellee brought this suit in the Craighead County Circuit Court to recover for the loss of his stock of merchandise, of the value of $10,500, and fixtures of the value of $1,500, on seven policies of fire insurance, aggregating $12,000, the property having been destroyed by fire. The goods and fixtures, at the time the policies were issued and the loss occurred, were contained in a store on South Broadway, city of St. Louis and the State of Missouri, in which city and State the plaintiff lived and the policies, which were standard fire insurance policies, were issued.

Summons was served on Bruce T. Bullion, Insurance Commissioner, agent for service, by the sheriff of Pulaski County, Arkansas, in that county.

The defendants are foreign corporations authorized to do business in this State, having complied with the conditions required by law. They appeared specially for that purpose, and filed a motion to quash the summons, alleging that they are foreign corporations authorized to do business in this State.

"Having authorized, pursuant to the laws of this State, service upon it of legal process in actions upon contracts entered into solely in this State; that defendant has at no time consented in any wise to the service of legal process upon it by service upon the Insurance Commissioner and Fire Marshal of this State in actions upon contracts made by it without this State; that the contract of insurance sued upon herein was made in the State of Missouri, where the plaintiff at the time resided, and where the property insured at the time of the insurance and the time of its alleged loss was located, and that the plaintiff has, at all times since the execution of said contract of insurance, been, and is now, a resident of the city of St. Louis and State of Missouri; that the said policy of insurance sued upon herein was issued by the defendant as a foreign contract, executed by it in the State of.............. and delivered to the plaintiff in the State of Missouri, and is no more subject to regulation by the laws of this State than any other contract, and, consequently, any law prescribing special service upon defendant to enforce collection because it is a contract of insurance is a special law, and is in contravention of both the Constitution of the State of Arkansas and the Constitution of the United States; that § 6063, Crawford & Moses' Digest of the Statutes of the State of Arkansas, 1921, whereunder service is attempted to be had in this action, upon the defendant, upon a contract of insurance not entered into in this State, is in violation of the Constitution of the United States, § 1 of the Fourteenth Amendment to said Constitution. * * *

"That the said section of said statute is also in violation of the Constitution of the State of Arkansas, §§ 3 and 18 of article 2.

"That, under and by virtue of the said provisions of the Constitution of the United States and the Constitution of the State of Arkansas, the defendant, a foreign insurance company, which has not consented to service upon it upon causes of action arising in other states, is entitled to the same rights and privileges as any other citizen of the United States, and consequently, in view of the constitutional provisions hereinabove set forth, the said purported service of the writ of summons as aforesaid is null and void, and the said writ of summons and the return of service on said writ of summons should accordingly be quashed.

"Defendant further moves to quash the writ of summons herein and return thereon for the following reasons:

"Defendant now is, and, during all of the times mentioned in said complaint, was, a foreign corporation, licensed to do business in this State under and by virtue of the provisions of article 12, § 11, of the Constitution of the State of Arkansas; that, under and by virtue of said provisions of said Constitution and the statutes of the State of Arkansas enacted in aid thereof, this defendant is not required to consent to, nor has it consented to, service upon it of any process by serving the Insurance Commissioner, Fire Marshal or other authorized agent, except as to contracts made or business done in this State. The contract sued on herein is a contract of fire insurance, made and executed by the defendant at its home office in the State of.........................................and delivered to the plaintiff in the State of Missouri, and is a contract to insure against loss by fire to property located in the city of St. Louis, and State of Missouri. That the loss complained of occurred in the city of St. Louis and State of Missouri, and the plaintiff now is, and was at the time of the filing of the complaint herein, a resident of the State of Missouri. That the service of summons in this cause upon the Insurance Commissioner and Fire

Marshal of the State of Arkansas was without authority of law, and was and is void.''

Another motion to quash was also filed, under special appearance, denying the jurisdiction of the court because no service of summons had been made upon any one authorized to receive service for the corporation, because the insurance policy sued on was not issued in Arkansas; the property insured was not in Arkansas; the loss did. not occur in Arkansas; the plaintiff is not and has not been a resident of Arkansas; because, under the statute authorizing it to do business in the State, it was required only to accept service in certain cases in suits arising from contracts entered into in this State, and for the benefit of those holding claims properly payable in this State; alleged the attempt to secure service herein was a violation of the defendant's right under the Fourteenth Amendment of the Constitution of the United States; that the statutes of Arkansas do not authorize the service of process in the manner herein upon cause of action of the kind sued on, and that the application of the statute to this action is prohibited by §§ 3 and 18 of article 2 and § 11 of article 12 of the Constitution of Arkansas.

A response was filed to the motions to quash, and, upon a hearing, they were overruled and exceptions saved, and, without waiving their rights under the motions to quash, the answers were filed.

Testimony was introduced tending to show the value of the goods and fixtures insured, the loss, and the denial of liability by the companies. The testimony showed that the plaintiff was a resident of the State of Missouri; that the goods and fixtures covered by the policies were contained in a store or building in the city of St. Louis, that State, where the plaintiff was a citizen and resident, and where the policies of insurance were delivered and the loss occurred.

The evidence was conflicting as to the value of the property and cause of the fire and loss, some of the testi-

mony tending to show that the fire and loss was due to an explosion, for which the company could not be held liable.

After the testimony was in, the appellant asked leave to amend its answer, striking out the clause admitting the complete denial of liability, which was refused.

The jury were instructed, and returned a verdict in favor of the insured, and, from the judgment thereon, this appeal is prosecuted.

*Leahy, Saunders & Walther* and *Gautney & Dudley*, for appellant.

*Abbott, Fauntleroy, Cullen & Edwards* and *N. F. Lamb*, for appellee.

*Greensfelder, Dyott & Grand*, and *Hawthorne, Hawthorne & Wheatley*, amici curiae.

KIRBY, J., (after stating the facts). Appellant contends that the court erred in not sustaining its motion to quash the summons; that it did not consent to service of summons upon it in this State in such actions, but only in order that it might be authorized to do business here in compliance with the requirement of the laws in that respect, and that the court was without jurisdiction to render judgment against it herein.

The facts are undisputed that appellant company is a foreign insurance corporation authorized to do business here under our laws; that the contract for insurance was made in Missouri, where the property insured was located, in the building in the city of St. Louis, of which State the plaintiff is a citizen and resident, and was at the time of the issuance of the policy, and when the loss occurred; that plaintiff and defendant, a foreign corporation, are non-residents of the State of Arkansas, the corporation only doing business in this State as a foreign insurance corporation.

Section XI, article 12, of our Constitution, provides:

"Foreign corporations may be authorized to do business in this State under such limitations and restrictions as may be prescribed by law; provided that no such corporation shall do any business in this State except while it maintains therein one or more known places of busi-

ness and authorized agent or agents in the same, upon whom process may be served; and, as to contracts made or business done in this State, they shall be subject to the same regulations, limitations and liabilities as like corporations of this State." * * *

Section 6063, Crawford & Moses' Digest of the Statutes, provides: "No insurance company, not of this State, nor its agents, shall do business in this State until it has filed with the Insurance Commissioner and State Fire Marshal a written stipulation, duly authenticated by the company, agreeing that any legal process affecting the company, served on the Insurance Commissioner and State Fire Marshal, or the party designated by him, or the agent specified by said company to receive service of process for the company, shall have the same effect as if served personally on the company within this State. And if such company should cease to maintain such agent in this State, so designated, such process may thereafter be served on the Insurance Commissioner and State Fire Marshal; but, so long as any liability of the stipulating company to any resident of this State continues, such stipulation cannot be revoked or modified, except that a new one may be substituted, so as to require or dispense with the service at the office of said company within this State, and that such service, according to this stipulation, shall be sufficient personal service on the company. The term 'process' includes any writ, summons, subpoena or order, whereby any action, suit or proceeding shall be commenced, or which shall be issued in or upon any action, suit or proceedings."

Under the provisions of the Constitution, such foreign insurance companies may be authorized to do business in the State upon the appointment of an agent upon whom process may be served, and, "as to contracts made or business done in this State," are subject to the same limitations and liabilities as like corporations of the State, and, under the statute requiring the appointment of such agent, "so long as any liability of the stipulating company to any resident of this State continues, such

stipulation cannot be revoked or modified, except that a new one may be substituted so as to require or dispense with the service at the office of said company within this State, and that such service, according to this stipulation, shall be sufficient personal service on the company." C. & M. Dig., § 6063.

In *American Casualty Co.* v. *Lea,* 56 Ark. 511, 20 S. W. 416, it was held that a foreign insurance company, authorized to do business in this State, after having appointed the Auditor its agent to receive service of process, could be sued by a resident in the courts of this State for libel committed here. That was a petition by the insurance company to this court, praying a writ of prohibition against the circuit court from proceeding in the cause pending therein, the suit for libel in which process was issued against defendant and served on the Auditor of State as agent for the insurance company, alleged to be a foreign corporation, organized in the State of Maryland, "and doing an accident, casualty and liability insurance business in this State, and no other business in this State." The insurance company contended that it could be sued in this State only upon liability growing out of its insurance contracts, while it was doing no other than insurance business in the State, and that it could not be held to answer upon this service in a suit for libel committed in the State.

The writ was denied, the court saying: "We are not prepared to accede to the proposition that a foreign insurance company, doing only an insurance business in this State, can be sued only upon liabilities arising out of its insurance contracts made in this State. * * * We understand that, when the foreign corporation agrees to 'be found' in the State, it may be sued as a domestic corporation or a citizen of the State upon any liability upon a cause of action arising within the State." The cause of action arose out of or was an incident to "contracts made or business done in this State," the publications complained of being made in advertising the company's business.

In the other Arkansas cases cited, wherein judgment was rendered upon causes of action arising outside of the State, all the parties were either not nonresidents of the State or no proper objection was made to the jurisdiction of the court on that account; in other words, the precise question raised by this motion to quash the service has not been heretofore involved or decided in any cause determined by this court.

At the common law, corporations could not be sued out of the State of their domicile under the laws of which they were created or organized.

This is a transitory action, it is true, which, under the common-law rule, could be brought in any jurisdiction where the defendant could be found or lawfully summoned to appear, and a recovery could have been had here had the insurance company voluntarily appeared and defended, without objection to the jurisdiction of the court. Timely objection was interposed, however, and insisted upon throughout the proceedings in the trial court, and this court is now urged to reverse the judgment of the lower court for erroneously holding that service of summons could be effectively made upon appellants within this jurisdiction.

The State has no special interest in enforcing the rights of citizens and residents of other States on causes of action arising outside its boundaries against foreign corporations doing business in the State, but is chiefly interested in administering justice under the forms of law, to all persons entitled to seek remedies in its courts, for protection and enforcement of their rights, and for redress of injuries and wrongs, promptly and without delay.

A fair construction of our law under the provisions of which foreign corporations are authorized to do business in the State upon the appointment of an agent upon whom process can be served, made primarily to secure local jurisdiction in respect of contracts made and business done within the State, would seem to require only that such corporations shall be subject to suit for any

liability arising from or growing out of contracts made or business done in the State or necessarily incident thereto, and not that they shall be required by service of summons upon said agent to be subjected to suits of non-residents of the State upon foreign causes of action, transactions and causes of action arising outside the State and in no wise incident, related to, or connected with contracts made or business done in the State.

The Legislature (quoting syllabus) is presumed to intend that its statutes shall not apply to acts or contracts done or effected beyond the limits of the State, and having no reference to or effect upon persons or property in this State. *State* v. *Lancashire Fire Ins. Co.*, 66 Ark. 466, 51 S. W. 633, 45 L. R. A. 348.

We are not unmindful of the decisions of the courts of other States holding a different view and giving larger scope to statutes of like kind in their construction, but we do not think comity requires that our courts shall be unduly burdened with litigation of actions of nonresidents against foreign insurance corporations doing business here, upon causes of action arising entirely outside of our jurisdiction and having no relation whatever to the contracts made or business done by such foreign corporation within the State, under the requirements of our laws providing therefor.

The Supreme Court of the United States, which follows the construction of such statutes put upon them by the courts of the State of their enactment, has expressed a leaning toward such construction of like statutes as that made by this court of the statute under consideration herein. In *M. P. R. Co.* v. *Clarendon Co.,* 257 U. S. 533, 42 S. Ct. 210, 66 L. ed. 354, Chief Justice Taft, for the court, said: "In dealing with statutes providing for service upon foreign corporations doing business in the State upon agents whose designation as such is especially required, this court has indicated a leaning toward a construction, where possible, that would exclude from their operation causes of action not arising in the business done by them in the State."

It follows, from the view expressed, that the court erred in not sustaining the motion of appellant to quash the summons, and for such error its judgment will be reversed, and the cause dismissed. It is so ordered.