YOCKEY *v.* ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY.

Opinion delivered April 13, 1931.

602

*Partain & Agee* and *G. L. Grant,* for appellant.

*E. T. Miller* and *Warner & Warner,* for appellee.

HART, C. J., (after stating the facts). It is sought to uphold the judgment upon the authority of *National Liberty Insurance Company* v. *Trattner,* 173 Ark. 480, 292 S. W. 677, and *Davis* v. *Farmers' Co-operative Equity Co.,* 262 U. S. 312, 43 S. Ct. 556.

In the case first cited, this court held that, under our Constitution and statutes relating to foreign corporations doing business in the State and providing for service of process on the Insurance Commissioner in actions against foreign insurance corporations, an insurance corporation of another State can not be sued in Arkansas on a contract of insurance made in another State with a resident of that State covering property located therein. The court recognized the general rule that where a foreign corporation consents, on coming into a State to do business, service on a designated State officer shall be a valid service on the company in all actions relating to any business done by the company while in the State, but said that it does not extend to business transacted in another State with persons living outside of this

State; and we construed our statute to extend only to business done by the foreign corporation in this State and held that the statute did not operate to give service on such foreign corporation in suits relating to business transacted by it in another State with persons living there. In other words, the court held that the statutory service upon a State official or agent of a foreign corporation amounted to an agreement between the State and the foreign corporation for the benefit of the citizens of the State having business with the corporation, and that it did not relate to business transacted by the corporation in other States with people living there.

In the last case cited, the Supreme Court of the United States said that the statute compelled every foreign interstate carrier to submit to suit there as a condition of maintaining a soliciting agent within the State, although it did not operate any kind of railroad in the State. The statute did not limit the jurisdiction to suits arising out of business transacted in the State of Minnesota, but made the service on the agent sufficient for business transacted outside of the State with non-residents of the State. The court recognized in that case that, ordinarily, effective administration of justice did not require that a foreign corporation should submit to a suit in a State in which the cause of action did not arise, in which the transaction giving rise to it was not entered upon, in which the carrier neither owned nor operated a railroad, and in which the plaintiff did not reside. Hence the court said that such general submission to suit unreasonably obstructed and unduly burdened interstate commerce.

In the instant case, the facts are essentially different. The defendant owns and operates a line of railroad in this State, and has voluntarily placed agents here in the conduct of its business who are authorized to receive service of summons under our statute. It has become in all essential respects a domestic corporation, in so far as transacting business in this State is concerned. The

right of action to the plaintiff was transitory, and it is not a question whether the laws of the State of Arkansas have any extraterritorial force.

In *St. Louis & San Francisco Railway Company* v. *Brown*, 62 Ark. 254, 35 S. W. 225, it was held that a nonresident may sue a domestic corporation in the courts of this State on a transitory cause of action arising under a statute of another State, where such statute does not conflict with the public policy of this State; and the fact that there is a similar statute in this State is evidence that the statute in question is not against public policy.

In *St. Louis, Iron Mountain & Southern Railway Company* v. *Haist*, 71 Ark. 258, 72 S. W. 893, 100 Am. St. 65, it was held that a section of the Civil Code of Louisiana giving to a minor child the right to recover for the wrongful killing of its parents creates a cause of action of a transitory nature which is similar to that created by our statute and may be enforced in this State. The plaintiff in that case was a minor residing in the State of Nebraska and brought suit to recover damages for the negligent killing of her father in the State of Louisiana. There, as here, the railroad sued had become a domestic corporation by operating a part of its line of railroad in this State and by becoming amenable to the laws of this State.

Again, in *Kansas City Southern Railway Company* v. *Ingram*, 80 Ark. 269, 97 S. W. 55, an action against a railroad company for killing stock in the Indian Territory was held to be transitory in nature and might be enforced wherever jurisdiction might be had of the defendant company.

In *St. Louis-San Francisco Railroad Company* v. *Coy*, 113 Ark. 265, 168 S. W. 1106, the plaintiff, as in the instant case, alleged in his complaint that he was a citizen and resident of the State of Missouri, and that he was negligently injured by the defendant on its switch-tracks in the State of Missouri. There, as here, the plaintiff brought suit in Crawford Circuit Court, and it

was held that, the injury having occurred in the State of Missouri, the laws of that State govern as to the liability; but the remedy to recover damages on account of the injury must be pursued according to the laws of the State of Arkansas, where the suit was brought.

The same general rule was recognized and applied in the case of an action based on negligence in the shipment of freight in *American Railway Express Company v. H. Rouw Company,* 173 Ark. 810, 294 S. W. 401, where it was held that a transitory action is not required to be brought in a State where the contract was entered into or performed. The court further held that a foreign corporation, doing business in the State and having a designated agent on whom process may be served, may be sued in any county in the State by serving process on the agent outside the county in which the suit is brought.

So, too, in *Texarkana & Fort Smith Railway Company v. Adcock,* 149 Ark. 110, 231 S. W. 866, it was held that an action for personal injuries is transitory and may be brought in a State other than that in which it arose.

The distinction between the two classes of cases is clearly stated by the Supreme Court of Massachusetts in *Reynolds* v. *M. K. & T. Ry. Co.,* 228 Mass. 584, 117 N. E. 913; affirmed by the United States Supreme Court in 255 U. S. 565, 41 S. Ct. 446, 65 L. Ed. 788, upon the authority of *St. L. S. W. Ry. Co.* v. *Alexander,* 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486.

It is next insisted that the judgment must be affirmed because there is no bill of exceptions. This was not necessary. We have copied the judgment in our statement of facts; and by reference to it it will be seen that it recites all the facts upon which the court based its opinion. This court has uniformly held that no bill of exceptions is necessary where the judgment of the lower court, reciting the facts upon which it is based, shows error on its

face. *Hisey* v. *Sloan,* 180 Ark. 797, 22 S. W. (2d) 1005, and cases cited.

It follows that the court erred in quashing the service of summons upon the defendants; and for that error; the judgment must be reversed, and the cause will be remanded with directions to overrule the motion to quash service of summons, and for further proceedings according to law and not inconsistent with this opinion.