HIGHWAY STEEL & MANUFACTURING COMPANY *v.* KINCANNON, JUDGE.

4-5523     127 S. W. 2d 816

Opinion delivered April 24, 1939.

*David R. Boatright* and *Pryor & Pryor,* for petitioner.

*Howell & Howell,* for respondent.

HUMPHREYS, J. J. J. Painter, a resident of Crawford county, Arkansas, brought a suit in said county against Highway Steel & Manufacturing Company, a foreign corporation domiciled in Missouri, for $3,000 on account of personal injuries received by him through the negligent operation of its truck in Sebastian county on the public highway between Van Buren and Fort Smith, about the 30th day of December, 1938.

Leslie McBride, also a resident of Crawford county, brought suit in said county against Highway Steel & Manufacturing Company, a foreign corporation domiciled in Missouri, for $3,000 on account of personal injuries received by him through the negligent operation of its truck in Sebastian county, Arkansas, on the public highway between Van Buren and Fort Smith, about the 30th day of December, 1938.

Cy Carney and Gene McBride, doing business under the name of Van Buren Appliances, also residents of Crawford county brought suit against Highway Steel & Manufacturing Company, a foreign corporation domiciled in Missouri, for $500 on account of damage to their truck through the negligent operation of its truck in Sebastian county, Arkansas, on the public highway between Van Buren and Fort Smith about the 30th day of December, 1938.

Lula McBride, widow and administratrix of the estate of Fred McBride, deceased, Mildred McBride, and Kathleen McBride, daughters of Fred McBride, deceased, next of kin, all residents of the State of Missouri, brought suit for $30,000 against Highway Steel & Manufacturing Company, a foreign corporation domiciled in Missouri, on account of the death of Fred McBride, their father and husband, who was killed through the negligent operation of its truck in Sebastian county, Arkansas, on the public highway between Van Buren and Fort Smith about the 30th day of December, 1938.

In each of said cases a summons was issued out of the circuit court of Crawford county against Highway Steel & Manufacturing Company and served by the sheriff of Pulaski county on Crip Hall, the Secretary of

State, under and in accordance with the provisions of Act 39 of the Acts of the General Assembly of Arkansas, of 1933. In apt time Highway Steel and Manufacturing Company appeared specially in each case for the purpose of moving to quash the service of summons upon it on the ground that the summons was not served upon it in Crawford county where the suits were brought and that said Act is unconstitutional and void in denying non-resident owners of motor vehicles equal protection of the law in violation of the 14th Amendment of the Constitution of the United States, and in denying them due process of law guaranteed by the state and federal constitutions.

The motion to quash the service in each case was overruled over the objection and exception of Highway Steel & Manufacturing Company and it has filed a petition in this court in proper form for a writ prohibiting the circuit court of Crawford county and the Hon. J. O. Kincannon, judge thereof, from proceeding with the trial of the cases.

These are transitory actions and, the petitioner being a non-resident defendant, may be sued in any of the courts in this state for injuries to the person or property of another caused by its negligent operation of a motor vehicle upon the highways of this state upon service obtained in the manner provided by said act.

The act affords convenient redress to residents and non-residents alike for injuries received to persons or property while traveling on or using the highways of this state, through the negligent operation of motor vehicles on the highways of the state by any and all non-residents of the state, be he an individual, firm or corporation. The act is constitutional and was so declared in the case of *Kelso* v. *Bush,* 191 Ark. 1044, 89 S. W. 2d 594, which is identical with this case in all respects so far as the parties are concerned, although the opinion does not recite the fact. It is admitted that unless we overrule that case the application for a writ of prohibition in the instant cases must be denied. This court ruled in the *Kelso* v. *Bush case, supra,* that Act 39 of the Acts

of 1933 was not unconstitutional and void as denying non-resident owners of motor vehicles operating them on the highways in Arkansas equal protection of the law in violation of the 14th Amendment of the Constitution of the United States and as denying them due process of law guaranteed by the state and federal constitutions. The reasons assigned for upholding the validity of the Act were sound and we adhere to them and refuse to overrule the case.

The service of process upon petitioners in the four cases herein gave to the circuit court of Crawford county jurisdiction over the person of petitioner, hence, the application for a writ of prohibition is denied.

BAKER and HOLT, JJ., dissent on the ground that *Kelso v. Bush* is wrong and should be overruled.