SEARCY WHOLESALE GROCER COMPANY v. BALTZ.

4-7801                                        192 S. W. 2d 111

Opinion delivered January 21, 1946.

Rehearing denied February 18, 1946.

*Harrell Simpson, Kaneaster Hodges* and *Harry Neelly,* for appellant.

*Schoonover & Steimel,* for appellee.

McHANEY, J.  An action for damages for personal injuries and for damages to his automobile was brought in the Randolph circuit court by appellee who is a citizen and resident of said county, against appellant and certain individuals.  As to appellant he alleged that it was engaged in the wholesale grocery business in Searcy, White county, Arkansas, ''and whether a corporation or a partnership this plaintiff is not advised,'' but that the individuals named are directors, trustees, managers or partners of appellant.

Appellee's automobile collided with a truck and trailer owned and operated by appellant in its business near Searcy in White county, and negligence of the driver of said truck was alleged in that he crowded into a one-way bridge on U. S. Highway 67 and then applied his brakes in a careless manner, causing the trailer to come over to appellee's side of said highway immediately in front of him, resulting in the damages sued for. Since there was an instructed verdict for the individual defendants and no appeal by appellee as to them they pass out of further consideration.

Appellant's first plea was a motion to make the complaint more definite and certain by alleging whether appellant is a corporation or a partnership.  It recites that appellant appeared only for the purpose of the motion.  The court overruled the motion.  It then filed a motion to strike from the complaint that portion asking for damages to the automobile under the terms of Act No. 317 of 1941.  This motion was overruled.

The answer preserved appellant's exceptions to the overruling of said motions and was a general denial and a plea of appellee's negligence which caused the wreck.

Trial resulted in a verdict and judgment for appellee for $100 for personal injuries and $500 for property damage, or a total of $600.  This appeal followed.

To reverse this judgment appellant contends that the court erred first, in overruling the motion to make more definite and certain; second, in overruling the motion to strike; third, in permitting testimony regarding damages to the car, and instructing thereon; and, fourth, in refusing to direct a verdict for it.

1. Whether appellant is a corporation or a partnership was immaterial to appellee. If liable to him at all it would be the same liability in either capacity. Its identity was a matter definitely within its own knowledge and we see no reason in requiring appellee to allege the corporate existence of appellant, a fact peculiarly within its knowledge. Certainly there could have been no prejudice to appellant in this respect. Even had its corporate existence been alleged, appellee would not have been required to prove it, unless in its verified answer appellant had expressly asserted that it was not a corporation. Section 2132 of Pope's Digest. See, also, § 1458 of the Digest, providing that "no variance between the allegations in the pleading and the proof is to be deemed to be material, unless it has actually misled the adverse party to his prejudice—."

As we said in *Central Supply Co.* v. *Wren,* 198 Ark. 1090, 133 S. W. 2d 632, "Here there can be and is, no question, as to the intention to sue the Ritz Theater, whose correct name is Ritz Theater, Inc. Service upon its agent designated for that purpose is conclusive evidence of that fact, and it was, in our opinion, error to dismiss the complaint." The service of summons upon appellant was had, as shown by the sheriff, "by delivering a copy and stating the substance to E. N. Rand, for the Wholesale Grocer Company, a corporation." In an early case, *Odd Fellows Building Association* v. *Hogan,* 28 Ark. 261, cited with approval in the Central Supply Co. case, *supra,* it was held unnecessary for Hogan to allege in his complaint the corporate capacity of the Odd Fellows Association, further than by a statement of the corporate name, and that "The name of the company implies its corporate existence. It is impliedly averred by the name, that the company was a corporation." So,

here, the name of appellant implies its corporate existence.

2. We here treat the second and third grounds together as they both relate to the jurisdiction of the court to try the issue as to property damage.

We agree with appellee that the filing of the motion by appellant to make the complaint more definite and certain amounted to a general entry of appearance by it to the cause of action for property damage, even though the motion recited that it appeared only for the purpose of the motion. That motion did not question in any way the jurisdiction of the court. It sought the aid of the court to require appellee to amend the complaint as to whether it was a corporation or a partnership, and impliedly conceded the jurisdiction for all other purposes. Act 317 of 1941 provides the venue of actions for damages to personal property by wrongful or negligent act and places it in the county where the accident occurred or where a *bona fide* defendant resides, "or in any county where personal service may be had upon him."

In *Chapman & Dewey Lumber Co.* v. *Bryan,* 183 Ark. 119, 35 S. W. 2d 80, we said: "It is familiar law that one may submit to a jurisdiction which could not otherwise be acquired, and that one does submit, who, without questioning the jurisdiction, enters an appearance, and it has been many times decided by this court that any action on the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to general appearance." See, also, *Mut. Ben. H. & A. Ass'n* v. *Moore,* 196 Ark. 667, 119 S. W. 2d 499.

We think the cases cited by appellant, such as *Met. Life Ins. Co.* v. *Baker,* 197 Ark. 61, 122 S. W. 2d 951, are not in point. In that case a motion to quash the summons was filed and the movant appeared specially for that purpose, to question the jurisdiction, and it was held no general appearance was had. We hold that appellant entered its general appearance and that the court acquired jurisdiction of the person by such motion, it already having jurisdiction of the subject matter.

624

3. It is finally insisted that there is no substantial evidence to support the verdict and that a directed verdict should have been given. We cannot agree. We think the evidence made a question of fact for the jury. Appellee testified to one state of facts as to how the accident occurred, which were disputed by the driver of the truck and his helper. We think no. useful purpose could be served by detailing the evidence. It is sufficient to say that the evidence, as to who was to blame for the collision that occurred, is in dispute and that there is substantial evidence to support the verdict, and the judgment based thereon must be and is affirmed.