AMERICAN FARMERS INSURANCE COMPANY OF·
PHOENIX, ARIZONA *v.* THOMASON, GDN.

4-9251                                    234 S. W. 2d 37

Substituted opinion.

Original opinion delivered October 16, 1950.

Rehearing denied December 4, 1950.

*R. D. Rouse,* for appellant.

*Tompkins, McKenzie & McRae* and *P. L. Smith,* for appellee.

LEFLAR, J.   This is an action against a foreign insurance corporation, on a contract of accident insurance entered into in another state, with substituted service on the defendant corporation by summons served on the State Insurance Commissioner under the provisions of Ark. Stats. § 66-244.   Defendant appeared specially to the jurisdiction, by a motion to be discussed hereinafter.

The motion to dismiss for lack of jurisdiction was overruled. Defendant then pleaded to the merits, still saving the jurisdictional issue. On trial by the Court sitting without a jury, judgment was for plaintiff, and defendant appeals.

Defendant is an Arizona insurance corporation. There was evidence that in 1949, about the time the present action was brought, defendant had been doing business in Arkansas without authorization, and this may be assumed to be a fact. It was established by stipulation of the parties that the insurance policy sued upon was entered into in California in 1944 while the insured, a resident of Arkansas, was temporarily employed in California, and that the insured while still in California suffered an injury which was within the coverage of the policy. There was no evidence whatever that defendant was doing business in Arkansas at the time the policy was executed and delivered in California.

(1) The service on defendant, purporting to be under § 66-244 of the Statutes, was not authorized by that statute. That enactment provides: "The transacting of business in this state by a foreign or alien insurer without a certificate of authority and the issuance or delivery by such foreign or alien insurer of a policy or contract of insurance to a citizen of this state or to a resident thereof . . . is equivalent to an appointment by such insurer of the Insurance Commissioner . . . to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit or proceeding arising out of such policy or contract of insurance . . " The statute provides for substituted service on the Commissioner only in suits "arising out of such policy or contract of insurance", that is, a policy or contract issued to a citizen or resident of Arkansas by an insurance company which is doing business in Arkansas without authorization. Not only was plaintiff's policy not issued in Arkansas, but there is no evidence in the record that defendant was doing any business in Arkansas when

the policy was issued.[1]   The statutory mode of service is not authorized in such circumstances.

Apart from that, the due process clause of the Federal Constitution would be violated if substituted service such as plaintiff contends for were permitted.   A similar problem was presented in *Old Wayne Mutual Life Ass'n v. McDonough,* 204 U. S. 8, 27 S. Ct. 236, 51 L. Ed. 345. It was there held that, a foreign insurance corporation doing business in Pennsylvania without authority having been sued there by a local resident on an insurance policy executed outside the state, substituted service was wholly invalid even though a Pennsylvania statute providing for it had been complied with.   In the absence of actual or implied consent to substituted service, such service on the foreign corporation was held to be limited to causes of action arising out of the business carried on or other acts done by the corporation in the state where suit was brought.   See, also, *Simon* v. *Southern Ry. Co.,* 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492; *Nat'l Liberty Ins. Co.* v. *Trattner,* 173 Ark. 480, 292 S. W. 677; *Portas v. Modern Investment Corp.,* 198 Ark. 300, 128 S. W. 2d 360.[2]

It is suggested that the requirements of due process of law for substituted service, as interpreted by the United States Supreme Court, have been modified since the decision in *Old Wayne Mutual Life Ass'n* v. *Mc-Donough, supra.*   There is no doubt that they have at

[1] Plaintiff argues that a provision in the policy making premiums payable by deposit at any bank or trust company in the United States constituted doing business through its agents (banks and trust companies) in Arkansas.   But no instance of premiums actually being paid to an Arkansas bank or trust company was shown, therefore this possibility of "doing business" in Arkansas was not an issue in the case.

[2] These cases are to be distinguished from others in which, by actually appointing an agent to receive service, the defendant foreign corporation is deemed to have *consented* to service on the designated agent in causes of action in favor of residents of this state arising in other states while business was being done in this state.   See *American Ry. Expr. Co.* v. *H. Rouw Co.,* 173 Ark. 810, 294 S. W. 401; *Yockey* v. *St. L.-S. F. Ry. Co.,* 183 Ark. 601, 37 S. W. 2d 694; *Equitable Life Assur. Soc.* v. *Mann,* 189 Ark. 751, 75 S. W. 2d 232.   The case of *Scottish Union & Nat'l Ins. Co.* v. *Hutchins,* 188 Ark. 533, 66 S. W. 2d 616, which might appear to be contradictory, must be read in the light of *Protas* v. *Modern Investment Corp.,* 198 Ark. 300, 128 S. W. 2d 360, cited above.

least been clarified. In *International Shoe Co.* v. *Washington,* 326 U. S. 310, it was held that a course of activity consisting merely of the solicitation of business by salesmen, which was admittedly less than the "doing of business", in Washington enabled that state to subject the foreign corporation to personal jurisdiction based on constructive service.[3] In *Travelers Health Ass'n* v. *Virginia,* 339 U. S. 643, 70 S. Ct. 927, decided June 5, 1950, the theory of the *International Shoe Co.* case was extended to permit the State of Virginia to exercise jurisdiction over a Nebraska insurance company which was engaged in extensive mail order solicitation of insurance business in Virginia. The major difference between the Virginia case and the case now before us is that in the Virginia case it was shown by evidence that the Nebraska company had for many years been soliciting "memberships" in Virginia by mail, that it had about 800 Virginia policyholders, and had been investigating claims in Virginia and otherwise servicing policies there. The cause of action sued upon arose out of the Nebraska company's activities conducted in Virginia. The case now before us, in contrast, involves action on a policy issued in California by a company which, as far as we can discover from the evidence, had never solicited business, by mail or otherwise, nor done any other acts in Arkansas at the time this cause of action arose. The effort thus to impose local jurisdiction upon a non-appearing, non-consenting foreign corporation which has engaged in no activity in Arkansas, in a suit on a cause of action which arose outside the state, cannot be successful.

(2) A separate ground upon which plaintiff seeks to uphold the judgment below is that the defendant

[3] A statute providing for service in Arkansas on this theory was thereafter enacted, in Act 347 of 1947, Ark. Stats., § 27-340. See 3 Ark. L. Rev. 22-24. There are many cases, both in Arkansas and elsewhere, holding that a state may base jurisdiction upon the doing of the act (less than "doing business") out of which arises the cause of action sued upon. See *Highway Steel & Mfg. Co.* v. *Kincannon, J.,* 198 Ark. 134, 127 S. W. 2d 816; *Chapman Chemical Co.* v. *Taylor,* 215 Ark. 630, 222 S. W. 2d 820; *Johns* v. *Bay State Abrasive Products Co.,* 89 Fed. Supp. (D. Ct., Md.) 654.

entered a general appearance which subjected him to the Arkansas court's jurisdiction without limitation.

The pleading from which this general appearance is sought to be discovered is headed "Motion to Quash Service of Summons and to Require Plaintiff to Specifically Allege Matters Thereto Related." It begins with a statement that the defendant "without entering its appearance . . . appears specially and for the sole and only purpose of quashing service of summons." But it then proceeds to ask that plaintiff be required to allege whether defendant is a foreign or domestic corporation, in what state defendant is domiciled, what unauthorized business defendant has done in Arkansas, and where the insurance contract sued upon was entered into. Then follows a further prayer that, after plaintiff furnishes this information, the service be quashed for lack of jurisdiction under the Fourteenth Amendment in accordance with the information thus to be furnished. Three days later, before any further action was taken in the case, defendant filed a "Supplemental Amendment to Motion to Quash Service of Summons" in which, asking no new questions, he answered for himself the four questions asked of the plaintiff in the first motion, and renewed the motion to quash.

Later pleadings filed by defendants included an answer, a substituted answer, and a motion to make more definite and certain. In each of these, and in the stipulation of facts, defendant carefully preserved his objections to the jurisdiction. We have held that a defendant may, after duly making a special appearance objecting to the jurisdiction, appear on the merits with the jurisdictional question expressly reserved, and retain the right to present the issue of jurisdiction on appeal. *Sinclair Refining Co.* v. *Bounds,* 198 Ark. 149, 127 S. W. 2d 629.

Plaintiff's position, however, is that the original motion to quash, as filed by defendant, was so broad that it amounted to a motion to make more definite and

certain which, as held in *Searcy Wholesale Grocery Co. v. Baltz,* 209 Ark. 620, 192 S. W. 2d 111, itself was a general appearance.

We do not think that the motion filed by defendant here had the same effect as that filed in the *Baltz* case. The *Baltz* motion was headed "Motion to Make More Definite and Certain", and in holding that it constituted a general appearance McHANEY, J., pointed out that the "motion did not question in any way the jurisdiction of the court." In contrast, the whole purpose of the motion filed by the defendant here was to question the jurisdiction of the court, and the requests for additional information were specifically directed to the jurisdictional issue and that issue alone. We hold that these requests for information relevant to the motion to quash for lack of jurisdiction did not themselves confer jurisdiction.

The judgment is reversed and the cause is dismissed.

HOLT, J. (dissenting). On the record before us, I think the case should be affirmed for the reason that appellant entered its appearance and thereby recognized the jurisdiction of the court over it for all purposes.

Appellant filed "MOTION TO QUASH SERVICE OF SUMMONS AND TO REQUIRE PLAINTIFF TO SPECIFICALLY ALLEGE MATTERS THERETO RELATED."

In this motion, appellant, after alleging that it was entering its appearance for the sole purpose of quashing service of summons, then asked the court to require appellee to allege specifically "Whether the defendant (appellant) is a foreign or a domestic corporation, etc."

In thus seeking the aid of the trial court to require the appellee to amend his complaint and state whether it was a foreign or a domestic corporation, it was asking for affirmative relief, and implied the jurisdiction of the court for all purposes.

As I construe our decisions, our rule is that when one seeks to take advantage of want of jurisdiction, he must

first object on that ground alone and must keep out of the court for every other purpose.

Had appellant confined his motion to quashing the service of summons alone, asked for and secured a ruling of the court against him, then in another motion preserved his right to quash service of summons, answered or asked for any affirmative relief, his appearance would not have been considered as a waiver of such objection to the service upon it.

In *Robinson* v. *Bossinger,* 195 Ark. 445, 112 S. W. 2d 637, this court in an opinion by Judge Frank G. SMITH, announced the rule in this language: "After the objection to the jurisdiction had been made and overruled, and exceptions saved and properly carried into the answer, asking for or agreeing to a continuance under these circumstances is not an attempt to secure affirmative relief, and is not inconsistent with the special appearance. * * * 'If the defendant, being sued in a court that has not jurisdiction *ratione personae,* excepts to the jurisdiction when he first appears in the suit, and urges the exception before making any other defense, and if the exception is overruled, he is not compelled to allow judgment to go against him by default, but may thereafter resort to any other appropriate means of defense, without reiterating his protest against the jurisdiction of the court, and without thereby creating a presumption that he has abandoned his exception to the jurisdiction of the court. When a judge has erroneously overruled an exception to his jurisdiction, there is no good reason why the exceptor should continue to remind the judge of his error at every stage of the proceedings, in order to avoid a presumption that he (the exceptor) acquiesces in the erroneous ruling.' "

In *Searcy Wholesale Grocer Co.* v. *Baltz,* 209 Ark. 620, 192 S. W. 2d 111, we held that where, as here, a party filed a motion reciting that it was appearing solely for the purpose of the motion but "sought the aid of the court to require appellee to amend the complaint as to whether it was a corporation or a partnership," impliedly conceded the jurisdiction of the court for all purposes,

712

and in *Federal Land Bank of St. Louis* v. *Gladish,* 176 Ark. 267, 2 S. W. 2d 696, we said: "Broadly stated, any action on the part of the defendant, except to object to the jurisdiction over his person, which recognized the case as in court, will constitute a general appearance.' 4 C. J. 1333. * * *

" 'There are numerous cases in which the defendant has been held to waive any question of jurisdiction over his person by taking some step to contest the cause upon the merits after his motion on special appearance has been overruled. One seeking to take advantage of want of jurisdiction in every such case must, according to these decisions, object on that ground alone. He must keep out of court for every other purpose. If he goes in for any purpose incompatible with the supposition that the court has no power or jurisdiction on account of defective service of process upon him, he goes in and submits for all the purposes of personal jurisdiction with respect to himself, and cannot afterwards be heard to make objection.' 2 R. C. L. 340."

Accordingly, I think the case should be affirmed.