Gladys Neal BRANDON, Plaintiff,

v.

MEMPHIS PUBLISHING COMPANY,
d/b/a the Commercial Appeal,
Defendant.

No. LR 60 C 90.

United States District Court
E. D. Arkansas, W. D.

May 26, 1961.

Marshall N. Carlisle, Little Rock, Ark., for plaintiff.

Millsaps Fitzhugh (of Fitzhugh & Clay), Memphis, Tenn., and Barber, Henry, Thurman & McCaskill, Little Rock, Ark., for defendant.

YOUNG, District Judge.

This is an action of tort libel against the defendant for articles published in its newspaper, the Commercial Appeal. Defendant, a Delaware corporation publishing two newspapers in Memphis, Tennessee, has moved to dismiss the action because of lack of jurisdiction over the person and insufficiency of process, or the service thereof, Fed.R.Civ.P. rule 12(b), 28 U.S.C.A., alleging that it is not subject to service of process in Arkansas and that it does not maintain an office or place of business in Arkansas within the meaning of the statute under which service was attempted. The motion was submitted upon the affidavit of one of defendant's officers, a stipulation of facts, and briefs.

I.

The facts upon which the motion to dismiss has been submitted show that defendant prints and publishes in Memphis, Tennessee, two daily newspapers which circulate in Arkansas; that most of these newspapers are brought into Arkansas by common carriers and independent contract haulers and are here sold to local distributors, newsstands, and the like at wholesale prices, and are by them resold to newsboys and individual purchasers; that some newspapers are delivered to subscribers through the mail; that the defendant sometimes

hires contact men to find and recommend suitable persons to become local distributors in Arkansas, and to advise local distributors in the performance of their duties; and that four employees work regularly in Arkansas in circulation promotion, one of whom works entirely within Arkansas, while three have such duties in parts of Missouri and Louisiana as well as within Arkansas. The average circulation of the Commercial Appeal in Arkansas is 21,084 copies daily (9.8% of total daily circulation), and 30,249 on Sundays (11.7% of total Sunday circulation). Defendant has published since 1957 an Arkansas Edition and an East Arkansas Edition of the Commercial Appeal, which replaced the Arkansas-Mississippi Edition which it published for some twenty years theretofore.

Defendant also solicits advertising in Arkansas—by direct solicitation in West Memphis, Arkansas, and by phone and mail in other parts of Arkansas. It maintains two offices in the state, one at Little Rock, the other at Blytheville; both offices have telephone listings in these cities. These two offices are used only by news reporters, not by advertising or circulation employees. There are thirty news reporters for the Commercial Appeal throughout Arkansas, though only one, the chief of the Little Rock news bureau, is a salaried employee. Three reporters, located respectively at West Memphis, at Jonesboro, and at Blytheville, though paid on the basis of accepted copy, are guaranteed a minimum monthly payment. In addition, the Blytheville reporter receives his office rent. The 26 other reporters are paid only for accepted copy. All payments of salaries, rents, etc. are made by defendant's Memphis, Tennessee, office, and all contracts are approved there. No person has been authorized by defendant to accept service of process in Arkansas.

It is doubtful that any businessman would deny that defendant is actively and successfully carrying on its business in Arkansas. The question is, however, one of law—whether defendant is doing business within this state or has such other contacts within the state as would subject it to judicial process here so that it may lawfully be required to stand trial in Arkansas. Authority holding that particular publications and newspapers are not subject to suit in certain jurisdictions, as well as authority holding other publications and newspapers subject to suit in still other jurisdictions, have been cited by these parties. This case must stand upon its own facts, however, tested by the applicable law, and is not determined by such authorities.

■■ The cases passing on jurisdiction over non-resident corporations not qualifying to do business within Arkansas have been frequently analyzed and discussed. See, Leflar, Conflict of Laws, Chap. 5 (1959); 7 Ark.L.Rev. 403 (1953); 9 Ark.L.Rev. 1, at 6–8 (1954); 13 Ark.L.Rev. 69 (1958); McAvoy v. Texas Eastern Transmission Corp., D.C. W.D.Ark.1960, 185 F.Supp. 784. Without further elaboration of the general Arkansas law in this respect, I hold that jurisdiction in this instance is clearly established by applicable Arkansas authority. This is an action for a tort allegedly committed by defendant's distribution of libelous material within this state, done in the course of its continuous and extensive activities here; the news reports in question originated in Arkansas and concern activities of plaintiff carried on here, and most of the witnesses for both plaintiff and defendant may be expected to be Arkansas residents. While mere solicitation of business has been held insufficient, and likewise the interstate sale of goods on orders so solicited, very little more than mere solicitation is required to subject a non-resident corporation to service of process where the tort complained of is committed within Arkansas. Chapman Chemical Co. v. Taylor, 1949, 215 Ark. 630, 222 S.W.2d 820; Green v. Equitable Powder Mfg. Co., D.C.W.D.Ark.1951, 99 F.Supp. 237; accord, Tiner v. Insulrock Corp., D.C.E.D.Ark.1954, 120 F.Supp. 11; See Leflar, Conflict of Laws, supra, § 38; § 112 (situs of torts of defamation). The activities of the Memphis Publish-

**378**

ing Company, as related above, are clearly more than solicitation of business or the making of interstate sales under these cases.

## II.

 Service of process in this action was upon the head of defendant's Little Rock news bureau by service had at its Little Rock office, apparently under Ark. Stats.1947, §§ 27–347, 350, rather than by service under § 27–340, which would clearly have been appropriate. See American Farmers Ins. Co. v. Thompson, 1950, 217 Ark. 705, at page 708 n. 3, 234 S.W.2d 37; Chapman Chemical Co. v. Taylor, supra. Ark.Stats. § 27–347, provides that any foreign or domestic corporation which keeps or maintains in any county of the state a branch office or other place of business is subject to suit in such county, and service upon the agent, servant, or employee in charge of such office or place of business is service upon such corporation. Ark.Stats. § 27–350, provides for service upon an agent of a defendant corporation if he is within the state. While the question of whether such service in this action is sufficient is a close one, I have concluded that defendant's Little Rock office was such "other place of business" as is contemplated by the statute, and that the person served, though a reporter and the only person in such office, was an agent of defendant and was in charge of such place of business. The general problem raised by service such as plaintiff effected in this action is discussed in Leflar, Conflict of Laws, supra, § 40. He concludes from his review of the law:

> "It is not enough, however, to serve some minor employee, even though he may have been placed in charge of considerable technical or mechanical details of his employer's business. The usual test is whether the agent served occupies such a responsible position, in relation to general management and non-mechanical details of the business, that he would fairly be expected to consider it a part of his regular duty to communicate information of the

summons to the corporation or proceed to defend the suit on the corporation's behalf, plus the fact of there being no local agent immediately superior to him in the management of the local business."

Tested by this measure, I believe that service upon the reporter in charge of the Little Rock bureau office was sufficient. The term "bureau" and the designation "chief of the news bureau", or the assertion that the local reporter was "in charge" of such news bureau, terms and phrases variously used in the affidavit and stipulation of facts, are terms adopted by defendant in this action.

Disregarding the other reporters, who are guaranteed minimum monthly payments, the defendant still has five salaried employees who work all or part of their time in Arkansas, the reporter in charge of the Little Rock office and the four employees engaged in circulation promotion referred to previously.

In any event, whether the person in charge of defendant's Little Rock office was only a reporter, or whether he had additional duties entitling him to be "in charge", or to be the "chief", of such "news bureau", it may be said that he was not a minor employee and that one initially dealing with the Commercial Appeal would have been lead by defendant to believe that he possessed at least sufficient authority to accept service as one in charge of a place of business maintained by defendant in this state.

## III.

Although defendant was sued as the Commercial Appeal, defendant, Memphis Publishing Company, has made no objection to the court's jurisdiction because of this flaw, but appeared in its true name to contest jurisdiction upon the substantive grounds previously stated and considered. The name of the defendant as it appears in the style of this case should, therefore, be changed to: "Memphis Publishing Company, d/b/a The Commercial Appeal".

The motion to dismiss will be denied.