MORRISON-KNUDSEN CO., Inc., v. PHŒNIX INS. CO. OF HARTFORD, CONN.

No. 13489.

Circuit Court of Appeals, Eighth Circuit.

July 14, 1947.

---

674

---

Robert L. Rogers, II, of Little Rock, Ark. (Paul E. Talley and Wayne W. Owen, both of Little Rock, Ark., on the brief), for appellant.

Walter D. Hanson, of Oklahoma City, Okl. (F. A. Rittenhouse, of Oklahoma City, Okl., and Verne McMillen and J. I. Teague, both of Little Rock, Ark., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This appeal is from an order quashing, vacating and setting aside the service of summons and dismissing the action. Appellant, plaintiff below, brought action against appellee to recover on an insurance contract issued by appellee. We shall refer to the parties as they were designated in the trial court. The facts are not in dispute and so far as here material are substantially as follows:

Plaintiff is a Delaware corporation engaged in the general contracting business, authorized to and doing business in the State of Arkansas, with its principal place of business at Little Rock, Arkansas. Defendant is a Connecticut corporation engaged in writing insurance contracts of various kinds in the State of Arkansas and other states, maintaining a place of business in Little Rock, Arkansas. Pursuant to statutory requirements of the State of Arkansas, as a condition to its right to transact business in that state defendant has filed with the Insurance Commissioner a stipulation agreeing that legal process may be served upon the Commissioner or the company's agent. Through its agent, a citizen and resident of Arkansas, it contracted with plaintiff to insure plaintiff against all loss and damage by flood and certain other perils to a syphon culvert constructed or to be constructed near Altus, in the State of Oklahoma. After the execution of this insurance contract in the State of Arkansas, and while this syphon culvert was in process of construction, a flood occurred, damaging the structure to the extent of $9,865.34, which amount together with interest, a penalty of 12 per cent, and reasonable attorney fees plaintiff sought to recover in this action.

Service was had on defendant by delivering a copy of the summons and of the complaint to the Insurance Commissioner of the State of Arkansas, the statutory agent designated by defendant as the person upon whom legal process might be served in the State of Arkansas.

Defendant entered a special appearance and moved to quash, vacate and set aside the service of process on the ground that it was "organized and existing under and by virtue of the laws of the State of Connecticut and that the purported service of summons in this action was served or attempted to be served upon Jack McKenzie, Insurance Commissioner of the State of Arkansas, statutory service agent for this movant in the State of Arkansas, and the purported cause of action set forth in the plaintiff's complaint is an action, if any, arising in Oklahoma and that said Insurance Commissioner is not the service agent for the service of process in matters of this nature." The court having sustained this motion to quash this service of summons and dismiss the action, this appeal followed.

Plaintiff seeks reversal on the following grounds: (1) the District Court erred in not sustaining jurisdiction of this cause because having sought and obtained the

privilege of doing business in Arkansas and appointing the State Insurance Commissioner as its agent for service, appellee "consented" to be sued in both federal and state courts in Arkansas; (2) this cause is not a local action and jurisdiction exists where the defendant may be found; (3) this controversy arose out of a policy issued in Arkansas and a transaction occurring within the district in Arkansas where this suit was brought and therefore jurisdiction exists in the court where filed.

■ The statutes of Arkansas provide that as a condition to doing business in that state a foreign insurance company shall file with the Insurance Commissioner of the state a stipulation agreeing that "legal process" may be served on the Insurance Commissioner or on the company's agent. It is admitted that defendant has complied with this requirement and it is admitted that the summons and complaint were accordingly served on the Insurance Commissioner. Rule 4 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that service on a foreign corporation shall be had "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *." It is generally held that a foreign corporation, even without the appointment of a resident agent upon whom process may be served, tacitly submits itself to the laws of such state and to the jurisdiction and process of its courts when it voluntarily enters the state and engages in business therein. In the instant case, plaintiff does not rely solely upon the imputed consent resulting from its engaging in business in the state but upon the express consent given by it in appointing an agent to receive service of process as required by statute. It is, however, contended by counsel for defendant that while it is properly amenable to suit in the state or federal courts of Arkansas on causes of action arising in that state, its consent to be sued therein does not extend to all causes of action, and it contends that the cause of action here involved arose in the State of Oklahoma. This reduces the controversy to a very narrow one. Did this cause of action arise outside of the State of Arkansas?

In support of this contention certain Arkansas decisions are cited and relied upon. Among these is the case of Protas v. Modern Inv. Corp., 198 Ark. 300, 128 S.W. 2d 360, 363. In that case action was brought on an original oral contract of fire insurance and judgment was entered for defendants. One of the defendants moved to quash this service of summons. In referring to this issue the court said:

"The London Assurance, without waiving any of its rights, moved to have the summons quashed. We think the motion should have been sustained. The policy sued on, even if we accept appellants' views of the transactions, was made in Oklahoma, and was to have been performed there. The defendant could not be brought into an Arkansas court in the manner attempted."

That case is clearly distinguishable in its facts from the case at bar. In the instant case the policy was issued in Arkansas.

In National Liberty Ins. Co. v. Trattner, 173 Ark. 480, 292 S.W. 677, 680, also relied upon by defendant action was brought in Arkansas on a fire insurance policy. The property at the time the policy was issued and at the time the loss occurred was in a building in St. Louis, Missouri, and plaintiff was a citizen of St. Louis, Missouri. Summons was served on the Insurance Commissioner for Arkansas, defendant being a foreign corporation. Again in that case no transaction had been had in Arkansas which gave rise to the cause of action. The opinion points out that the statute was primarily to secure local jurisdiction in respect to contracts made and business done within the state and that the statute "would seem to require only that such corporations shall be subject to suit for any liability arising from or growing out of contracts made or business done in the state or necessarily incident thereto, and not that they shall be required by service of summons upon said agent to be subjected to suits of nonresidents of the state upon foreign causes of action, transactions, and causes of action arising outside the state and in no wise incident, related to, or connected with contracts made or business

done in the state." Again, it is to be noted that in that case the cause of action was in no wise related to or connected with contracts made or business transacted in Arkansas.

In the instant case it was the business of defendant to write various kinds of insurance contracts It was engaged in that business in the State of Arkansas and while there so engaged it issued the insurance policy upon which this action is based. The casualty which gave rise to the cause of action, to be sure, occurred in the State of Oklahoma but that casualty would not have resulted in any liability on the part of defendant but for the insurance contract which it had entered into as a part of its business transactions in the State of Arkansas.

The facts in this case are somewhat similar to those involved in Louisville & Nashville R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 330, 73 L.Ed. 711. In that case a citizen of Louisiana brought action in the Federal Court of that state against the Southern Railway Company, a Virginia corporation, and the Louisville & Nashville Railroad Company, a Kentucky corporation, to recover for personal injuries suffered while travelling in a car of the Southern Railway Company in a through train from New Orleans, Louisiana, to Washington, D. C. At the time of the accident the train was being operated by the Southern Railway Company over its tracks in Virginia. Plaintiff purchased his ticket at the office of the Louisville & Nashville Railroad Company in New Orleans for transportation over the lines of the company from New Orleans to Montgomery Arkansas, and over certain other lines, including the Southern Railway Company, to Washington, D. C. The train on which he was transported was made up by the Louisville & Nashville Railroad Company at New Orleans and was operated under an agreement among three connecting carriers. Process was served on the agent of the Southern Railway Company in Louisiana designated for that purpose and required by the state statute. The Southern Railway Company appeared specially and challenged the jurisdiction of the court on the ground that the cause of action which was transitory, arose outside the State of Louisiana and not out of any business done by the Railway Company within the state. In the course of the opinion by the late Chief Justice Stone it is, among other things, said:

"For present purposes we may assume that the effect of the designation of the statutory agent by the Southern is, as the state decisions cited seem to show, that a cause of action arising wholly outside and wholly unconnected with any act or business of the corporation within the state may not be sued upon there, and we address ourselves to the question, decisive of this branch of the case, whether the Southern, being present within the state of Louisiana, is amenable to suit, on this cause of action as one arising out of business done within the state, or from such action of the corporation within the state as to subject it to liability there. * * *

"From this it is argued that the sale of the ticket cannot be considered any part of the business carried on within the state by the Southern and that the present cause of action is therefore not within the consent to suit given by its designation of an agent, or to be implied from its presence and transaction of business within the state."

Pointing out that the sale of the ticket was made by its agent, the court said:

"It was out of this action within the state that the present obligation of the Southern arose, although the alleged breach of it occurred elsewhere.

"* * * Where jurisdiction has been denied, the cause of action not only arose outside the state, but it was not shown to have arisen out of any business conducted by the corporation within it or to have had any relation to any corporate act there. * * * But where the cause of action does arise out of a corporate act within the jurisdiction, the presumption would seem necessarily to be the other way.

"In the absence of express language limiting the authority of the designated agent, there would certainly be no ground for assuming that the consent extends to causes of action growing out of some of its acts within the jurisdiction and not others

—that respondent here might maintain an action if the ticket had been sold at the office of the Southern, but not if sold at the office of its authorized agent in the same city. * * *

"We decide only that, in the absence of an authoritative state decision giving a narrower scope to the power of attorney filed under the state statute, it operates as a consent to suit upon a cause of action like the present arising out of an obligation incurred within the state although the breach occurred without."

Counsel cite no Arkansas case giving a narrower scope to the stipulation filed by defendant agreeing that "legal process" may be served on the Insurance Commissioner.

■ Plaintiff's cause of action is not only related to and connected with the business which defendant transacted in the State of Arkansas but it is based upon a contract entered into in the State of Arkansas as a part of the business transacted by defendant in that state. We are of the view that the trial court had jurisdiction of the cause of action alleged and hence it was error to quash the service of summons on defendant and to dismiss the action. The order appealed from is therefore reversed and the cause remanded for further proceedings consistent with this opinion.