**GROVES, LUNDIN & COX, Inc. v. OKLA-HOMA–ARKANSAS TEL. CO.**

Civ. No. 1006.

United States District Court
W. D. Arkansas, Fort Smith Division.

April 30, 1952.

Edward Lester of Wright, Harrison, Lindsey & Upton, Little Rock, Ark., Edward Bedwell of Bedwell & Bedwell, Fort Smith, Ark., for plaintiff.

G. L. Grant, Fort Smith, Ark., Alpheus Varner, Poteau, Okl., for defendant.

JOHN E. MILLER, District Judge.

Suit was filed by plaintiff, a citizen of Minnesota, against defendant, a citizen of Oklahoma, in the Circuit Court of Sebastian County, Arkansas, to recover $4,391.74, the purchase price of certain telephone wires allegedly purchased by the defendant from the plaintiff under the provisions of an option in a contract between the parties and the rental value of said wires from the date the option was exercised by defendant. Summons was served on H. S. Nakdimen, President of the defendant corporation and a citizen and resident of Fort Smith, Arkansas.

Defendant removed the case to this court, and thereafter filed a motion to dismiss for lack of jurisdiction over its person. This motion is now before the court for determination, and the question presented is whether the service on the said H. S. Nakdimen is sufficient to give this court jurisdiction over the person of the defendant.

The following facts appear from the pleadings and affidavits filed, and are not in dispute. Plaintiff, a Minnesota corporation, is authorized to do business in Arkansas and at the present time is engaged in business in Arkansas in the construction of Blakely Mountain Dam, near Hot Springs, Arkansas. Defendant, an Oklahoma corporation, is likewise authorized to do business in Arkansas, but since 1945 has not engaged in any business in this State. When it secured such authorization it filed the regular form with certified copy of articles of incorporation, in which it named I. H. Nakdimen of Fort Smith, Arkansas, "as agent upon whom process may be served". I. H. Nakdimen is since deceased, and service was had upon H. S. Nakdimen, son of the said I. H. Nakdimen and now the President of defendant. The form also provided, "Be it resolved, that service of process upon any agent of Oklahoma-Arkansas Telephone Company in the State of Arkansas, or upon the Secretary of State, in any action brought or pending in said State shall be valid service upon this company." Defendant operates telephone exchanges and long distance lines between such exchanges wholly within Leflore County, Oklahoma, and was so engaged at the time the contract involved here was made. The property involved was and is located in the State of Oklahoma and the transactions and obligations dealt with in the contract occurred in that state. Defendant has continued to pay its franchise taxes in Arkansas in order to keep its authorization to do business in this state valid.

Thus, it appears that this suit involves a transitory extrastate cause of action between citizens of different states, both authorized to do business in the State of Arkansas, but only the plaintiff being engaged in business, which business; however, has no connection whatever with the business between the parties that arose in Oklahoma and which forms the basis of plaintiff's claim. Under such facts, is service of process upon the President of the defendant, a citizen and resident of this state, valid and sufficient to give this court jurisdiction of the person of the de-fendant, when the defendant is not and for some 7 years has not been engaged in any business in this state? The determination of this question must be based upon the law of the State of Arkansas, in as much as such service was had under and by virtue of that law.

Ark.Stats. (1947) 64–1201 provides, inter alia:

"* * * Provided, before authority is granted to any foreign corporation to do business in this State, it must file with the Secretary of State a resolution adopted by its Board of Directors, consenting that service of process upon any agent of such company in this State, or upon the Secretary of State of this State, in any action brought or pending in this State, shall be a valid service upon said company; * * *."

As stated above, service was not had upon the specific agent named for service of process, he being deceased, but was had upon the President, who is a citizen and resident of Arkansas but who does no business in Arkansas for the corporation and seemingly all official acts are performed in Oklahoma. Plaintiff's position is that this is permitted by both the resolution filed by defendant and the statute set forth above, in that the President is certainly an agent of the defendant, and neither the resolution nor statute provides that such agent must be engaged in the corporation's business at the time of service. The fact that the President of defendant is a citizen of Arkansas does not mean that he was in the state as agent of the defendant for the purpose of carrying on any business for defendant in this state, and as the court reads the Arkansas decisions on the question involved, it appears to be necessary that some business be carried on in this state.

In Grovey v. Washington National Insurance Co., 196 Ark. 697, 119 S.W.2d 503, Grovey was a citizen of Illinois, and the Washington National Ins. Co. was a corporation of the same state, but domesticated in Arkansas. The Insurance Co. made a contract employing Grovey as general agent in several states and portions of

Arkansas in which the company accepted business, and the suit was by Grovey to recover damages for an alleged breach of such employment contract. The defendant in compliance with the statute had filed its consent that process might be served upon the Insurance Commissioner or its designated agent, and service was so had. The court held that service was not valid, and in the course of its opinion stated, 196 Ark. at page 700, 119 S.W.2d at page 505, quoting from National Liberty Ins. Co. v. Trattner, 173 Ark. 480, 487, 292 S.W. 677:

> " 'A fair construction of our law, under the provisions of which foreign corporations are authorized to do business in the state upon the appointment of an agent upon whom process can be served, made primarily to secure local jurisdiction in respect of contracts made and business done within the state, would seem to require only that such corporations shall be subject to suit for any liability arising from or growing out of contracts made or business done in the state or necessarily incident thereto, and not that they shall be required by service of summons upon said agent to be subjected to suits of nonresidents of the state upon foreign causes of action, transactions, and causes of action arising outside the state and in no wise incident, related to, or connected with contracts made or business done in the state.' "

In Yockey v. St. Louis-San Francisco Railway Company, 183 Ark. 601, 37 S.W. 2d 694, 695, plaintiff sued the defendant in Crawford County, Arkansas, for personal injuries received in Missouri. Plaintiff was a citizen and resident of Missouri, and defendant was a Missouri corporation, but defendant operated a line of railway through Crawford County, Arkansas, and service was had upon one of its station agents in the manner provided by statute. The court declined to follow the rule in the Trattner case, supra, which apparently required that not only must defendant be engaged in business in the state but that the cause of action arise out of or be re-

lated to that business, and distinguished the case as follows:

> "In the instant case, the facts are essentially different. The defendant owns and operates a line of railroad in this state and has voluntarily placed agents here in the conduct of its business who are authorized to receive service of summons under our statute. It has become in all essential respects a domestic corporation in so far as transacting business in this state is concerned. The right of action to the plaintiff was transitory, and it is not a question whether the laws of the state of Arkansas have any extraterritorial force."

In American Ry. Express Co. v. H. Rouw Company, 173 Ark. 810, 294 S.W. 401, the plaintiff, a citizen and resident of Arkansas, sued the defendant, a Delaware corporation operating a line of railway through Arkansas, on a cause of action arising out of business done by the defendant in another state, but entirely unrelated to the conduct of its business in Arkansas. Service was had upon defendant's designated agent in Arkansas. In holding the service valid, and in refusing to follow the rule of the Trattner case, supra, the court stated 173 Ark. at page 820, 294 S.W. at page 405:

> "At any rate, it can readily be seen that courts of this state might, in their discretion, entertain, or refuse to entertain, jurisdiction of transitory causes of action arising out of acts of negligence in another state by a non-resident plaintiff against a non-resident defendant, and yet not be inconsistent if they entertained jurisdiction of such causes of action in favor of resident plaintiffs against nonresident defendants. Refusing jurisdiction in such cases to nonresident plaintiffs against nonresident defendants is one thing; refusing jurisdiction to resident plaintiffs against nonresident defendants is altogether a different thing."

And, in the most recent case handed down by the Arkansas Supreme Court, United States Fidelity and Guaranty Co. v. Colonial

Baking Company, Ark.1952, 247 S.W.2d 997, the Colonial Baking Company, a Delaware corporation domesticated in Arkansas and engaged in business in this State, brought suit against the defendant, a Maryland corporation domesticated in Arkansas and Louisiana and owning personal property in Arkansas, on a cause of action arising out of transactions occurring in the state of Louisiana. After discussing the above cases, the court stated, 247 S.W.2d 1000:

"To discuss in detail the other cases cited by the appellant would unduly prolong this opinion. It is sufficient to say that Colonial's cause of action was transitory; that both Colonial and the Guaranty Company are corporations domesticated in Arkansas; that Guaranty Company has property and agents in Pulaski County, Arkansas; that Colonial has its bakery plant in Pulaski County, Arkansas, at which plant were manufactured the products it shipped to Louisiana; and that the shipments resulting in this litigation originated in Pulaski County, Arkansas. All of these facts add up to the result that the Pulaski Circuit Court was correct in taking jurisdiction in the case at bar."

Thus, it seems that in the case of an extrastate cause of action against a foreign corporation, service on an agent in accordance with the statute is valid if the plaintiff is a resident (presumably citizen-resident), or if not, if the defendant has certain contacts with the state in addition to having obtained authority to do business and having designated an agent for service. In the Yockey case, supra, defendant was operating a line of railroad; in the United States Fidelity and Guaranty Company case, supra, defendant had property and agents in the state. Also, in the latter case, certain emphasis is laid on the activities of plaintiff in the state and on the relation of plaintiff's activities in the state to the cause of action, but from its study of the cases above set forth the court is convinced that the defendant must have some contacts with the state in addition to merely having qualified to do business and

having named an agent. The extent of those contacts it need not consider, for there were none here. And, in this regard, it might be observed that it is not the office of this court to harmonize state court decisions or to formulate rules when state law is involved, but its authority is limited to applying the state law as, in its judgment, it finds it to be.

The identical question herein involved was considered in Robert Mitchell Furniture Company v. Selden Breck Construction Company, 257 U.S. 213, at page 216, 42 S.Ct. 84, at page 85, 66 L.Ed. 201 and in determining the question the court said:

"Unless the state law either expressly or by local construction gives to the appointment a larger scope, we should not construe it to extend to suits in respect of business transacted by the foreign corporation elsewhere, at least if begun, as this was, when the long previous appointment of the agent is the only ground for imputing to the defendant an even technical presence."

Therefore, the motion to dismiss for lack of jurisdiction over the person of the defendant should be sustained, and it appearing that service of process cannot otherwise be perfected, the complaint of plaintiff should be dismissed.