HARVARD LAW SCHOOL LIBRARY.

### Gooch *vs.* Jeter.

Where a defendant in a suit by attachment is not served with process, a motion to quash the writ is not such an appearance as will warrant a judgment *nil dicit;* the bare motion to quash does not constitute a valid appearance.

This was an action of debt, determined in the Phillips Circuit Court, in June, 1842, before the Hon. John C. P. Tollison, one of the circuit judges. Jeter sued Gooch on a transcript of a judgment from the State of Mississippi, instituting his action by writs of attachment. Two writs issued; one to Phillips county, and one to Monroe, each containing a clause of garnishment, by which John J. Bowie and Reason Bowie, were ordered to be summoned as garnishees. The writs were levied on property of Gooch in each county, and the Bowies were summoned under the writs to Phillips.

On the 18th of May, 1842, Gooch appeared and filed a motion to quash the writs, accompanied with an affidavit that the Bowies resided in Phillips county. The record of May 21, states that the plaintiff, having on the day before filed a motion to amend the writ to Monroe, by striking out the clause as to the Bowies, that motion was entered *nunc pro tunc*, and the motion to quash *"ordered to be sustained."* On the first of June, the court sustained the motion to amend, and the defendant excepted, refused to answer further, and judgment was taken by default, in favor of the plaintiff.

*Cummins,* for plaintiff.

*Pike & Baldwin,* contra.

*By the Court,* LACY, J. We hold that there is no valid appearance to the action. The plaintiff instituted his suit by attachment, and issued two separate writs, each containing a clause of garnishment, against J. J. and Reason Bowie, directed to Phillips and Monroe counties. Thereupon the counsel for the defendant, who is shown to be a non-resident, filed an affidavit stating that the Bowies did not reside in Monroe, but in Phillips county, and moved to quash both the original and the counterpart of the writ; which, by the court, was ordered to be done. During the pendency of this motion, the plaintiff's counsel moved the court to amend the writ issued to Monroe county, by the erasure of the Bowie's names, and which motion was taken under advisement, and after ordering the motion quashing the writs to be sustained, the court subsequently directed the amendment to be made, which was accordingly done; and upon this state of facts, the case was tried and judgment entered as to the defendant, by *nil dicit.* There was no personal service of the writ, nor was there any publication against the defendant as a non-resident, as the statute in such cases requires. The only enquiry then is, did the motion which was founded upon the affidavit of the defendant's counsel to quash the writs, constitute a valid appearance? We think it is tolerably clear it did not. The object of the motion was to quash, and not to appear to the writs; and so the court and opposite counsel considered and treated the matter. For it is upon this supposition the motion to amend was filed and prevailed. The motion to quash was intended to avoid an appearance as to the garnishees, as well as the other defendant. The attorney for the defendant did no other substantive act. He did not appear to the amended writs, or appear to the action. The bare motion to quash does not constitute a good appearance. The court below, then, erred in entering judgment as to the defendant, which is hereby ordered to be reversed.