## FERGUSON *vs.* ROSS.

A writ of summons issued out of the circuit court having less than fifteen days between its teste and return days, is void,

And the service of a writ, executed after its return day, is also void.

To authorize judgment against a party without service of process upon him, some act of his clearly indicating his intention to voluntarily appear to the action must be shown by the record—otherwise no judgment can be pronounced against him.

A motion to quash the summons on account of the insufficiency of the return, is not such an appearance, as will authorize judgment against the party making it.

THIS was an action of debt determined in the Mississippi circuit court, in April, 1842, before the Hon. JOHN C. P. TOLLISON, one of

the circuit judges.   On the 5th day of October, 1841, on which day the declaration was filed, the writ issued, returnable on the "second Monday after the fourth Monday in September, A. D. 1841," which was the 11th day of October, and on the 12th came to the officer's hands to be executed, and was returned by him as executed on the 13th day of the same month, the case having been previously continued on the 4th "for the want of service." At the succeeding term, on the 12th of April, 1842, the record states that, "This day came the parties by their attornies, and the said defendant moves the court to quash the summons in this case for the insufficiency of the sheriff's return thereon, and the same being considered and understood by the court, it appears to the court that the said return is amendable, and being amended by the sheriff by leave of the court, it is judged sufficient, and the plaintiff's motion overruled; whereupon the *plaintiff* by his said attorney, said he has nothing further to say why the said plaintiff should not recover judgment against him, and for want of a plea to the said plaintiff's declaration, it seems to the court that the plaintiff ought to recover," &c.   Ferguson brought error.

*Pike & Baldwin*, for plaintiff.   Ferguson never had any legal notice of the suit.   The writ issued on the 5th, returnable on the 11th, but was not served until the 13th, two days *after* its return day.   The writ itself was void, because there were less than fifteen days between its teste, and return day—*R. S. p.* 619, *sec.* 3.   The service was of necessity bad—void in fact, because executed after its return day.

The defendant never appeared but for the purpose of moving to quash the writ—which was not a sufficient appearance to warrant judgment against him, as was held by this court in *Gooch vs. Jeter,* ante.

*Trapnall & Cocke*, contra.   The service of the summons as amended is sufficient, and the judgment substantially good.

*By the Court*, Ringo, C. J.   This writ of summons is clearly illegal and void, because there are not fifteen days between the date and return day thereof, and so is the service, because it appears to have

been made after the day on which the writ was returnable. The defendant therefore was under no legal obligation to appear to, or answer the action. The question therefore arises, did he voluntarily enter his appearance to the action, in such manner as to authorize the court to pronounce judgment against him, either by *nil dicit* or default? We think he did not. To constitute such appearance as would authorize the court to proceed to judgment against him without service of process, some act of his indicating clearly a design to dispense with the service of process and voluntarily appear to the action must be shown by the record—as where the party comes and defends or confesses the action, or, without defending or confessing it, says he has nothing to allege in the premises, or where by any other affirmative act, he legally binds himself to appear. In such case the law warrants the court in proceeding to judgment against him without a service of process to appear and answer the action, otherwise no judgment can be legally pronounced against him. Here it appears to us perfectly manifest that the defendant below never intended to dispense with the service of process and voluntarily appear to the action, nor does he appear to have done any act which the law recognizes as an appearance to the action, consequently the judgment is erroneous and must be reversed, annulled and set aside with costs, and the case be remanded to the court from whence it came, with instructions to that court to proceed therein according to law, and as though the defendant below had been duly served with process, he having voluntarily made himself a party to the suit by prosecuting this writ of error.