## WILSON ET AL. *v.* WARD ET AL.

[No. 19,847.   Filed June 6, 1902.]

SALES.— *Warranties.—Expiration.—Action.—*Where a warranty accompanying the sale of a horse provided that it should be null and void after a specified date, the failure to sue or give notice of the breach of the warranty within such time amounts to a waiver of any right of action upon the warranty.

From Howard Superior Court; *Hiram Brownlee,* Judge.

Action by Edward L. Wilson and others against Harry Ward and others on a breach of warranty. From a judgment for defendants on demurrer to complaint, plain-

Wilson *v.* Ward.

tiffs appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. B. Joyce, B. F. Harness* and *W. R. Voorhis,* for appellants.

*J. C. Blacklidge, C. C. Shirley* and *C. Wolf,* for appellees.

GILLETT, J.—This was a suit commenced by appellants against appellees, on a written warranty that accompanied the sale of a stallion. A demurrer was sustained to each paragraph of appellant's complaint, and they assign said ruling as error. It is alleged that the instrument sued on was executed February 6, 1899. The action was instituted June 12, 1900. The contract contains the following words: "This contract or guarantee to be null and void May 1, 1900." Neither paragraph of the complaint alleges that complaint was made within the time, that the horse did not fulfil the provisions of the warranty.

We need not determine whether the language we have quoted amounted to an agreement not to sue after the expiration of the time fixed. At the least, we think that it must be held that the omission to sue, or give notice of the breach, within the time is a waiver of any right of action upon such warranty. In *Chapman* v. *Gwyther,* L. R., 1 Q. B. 463, the warranty that was given upon the sale of a horse was as follows: "Warranted sound for one month." It was held that a suit could not be maintained upon such warranty after the expiration of such time, where complaint had not been made of the unsoundness of the horse within one month of the date of the sale. The court below did not err in sustaining the demurrer to each of appellants' paragraphs of complaint.

Judgment affirmed.