# WHITESIDES ET AL. *v.* DRAGE.

[No. 8,434.     Filed October 7, 1914.]

1. ABATEMENT.—*Objection to Jurisdiction.—Time of Filing.—Disposition of Plea.*—A plea in abatement challenging the court's jurisdiction of the person comes too late, and should be stricken out on motion, if filed after a general appearance, since objection to the jurisdiction is waived by such appearance. p. 680.

2. ABATEMENT.—*Demurrer to Plea.—Harmless Error.*—Where a plea in abatement is not timely filed, error, if any, in sustaining a demurrer thereto is not cause for reversal. p. 680.

3. APPEARANCE.—*"General Appearance".—"Special Appearance".—Plea in Abatement.*—A "general appearance" is one that is made for the purpose of taking some action which recognizes the jurisdiction of the court, and must be express or necessarily arise by implication from the course pursued by defendant, while a "special appearance" is one entered for the sole purpose of testing the court's jurisdiction of the person of defendant; hence where defendant entered an appearance and at the same time filed a plea in abatement attacking the jurisdiction of the court over the person of defendant, the appearance was special, though not so designated. p. 681.

4.  ABATEMENT.—*Objection to Jurisdiction.—Waiver.*—A defendant does not waive error committed by the court in sustaining a demurrer to a good plea in abatement challenging the jurisdiction over his person, by thereafter answering to the merits and proceeding to trial. p. 682.

5.  SALES.—*Rescission by Agreement.—Sufficiency of Allegations.*—A complaint alleging that plaintiff returned to defendant a motor truck that he had purchased by paying part cash and executing his notes for the balance, that he stated to defendant that the truck did not comply with the warranty, that defendant accepted the return of the truck, retained it in his possession and used it, and that he had returned the notes to plaintiff, but refused to return the cash paid, was insufficient on the theory of a rescission of the sale by agreement, in the absence of allegations of facts showing such an agreement had been made. p. 683.

From Superior Court of Allen County; *Carl Yaple,* Judge.

Action by Frank Drage against F. Nort Whitesides and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Branigin & Williams,* for appellants.

*Somers & Kennerk,* for appellee.

LAIRY, J.—Appellee brought this action against appellants in the Superior Court of Allen County. Appellants appeared and filed an answer challenging the jurisdiction of the court as to the persons of appellants. This plea to the jurisdiction was filed before any other step was taken by appellants in the case. A demurrer to this plea was filed by appellee and sustained by the court, and this ruling is assigned as error.

Appellee insists that the record shows that appellants before filing their plea in abatement had entered a full appearance to the action and thereby waived any objection to the jurisdiction of the court over their persons. If appellee is correct in this statement, the plea to the jurisdiction was filed too late and it should have been struck out on proper motion. Un-

der such circumstances a court could not commit reversible error in sustaining a demurrer to such a plea.

Did appellants below submit themselves to the jurisdiction of the court before filing the plea by which they sought to question its jurisdiction? The record entry upon which appellee depends, as showing a full appearance and submission to the jurisdiction of the court, is as follows: "Come now Branigin and Williams, attorneys, and enter their appearance for all defendants. Defendants file plea in abatement herein, in these words". As a part of the same entry, then follows the plea to the jurisdiction. Appearances are of two kinds, special and general. A special appearance is one entered for the sole purpose of testing the jurisdiction of the court as to the person of the defendant, while a general appearance is one made for the purpose of taking some action which recognizes the jurisdiction of the court. A general appearance must be express, or it must arise by implication from the defendant seeking, taking or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only. *Fulton* v. *Ramsey* (1910), 67 W. Va. 321, 68 S. E. 381, 140 Am. St. 969. The character of the appearance, as to whether it is general or special is to be determined by the steps taken in the cause by the defendant under such appearance. If, as in this case, the first step taken is to file a pleading contesting the jurisdiction of the court as to the persons of the defendants, it must be held to be a special, and not a general appearance. It is not necessary that the plea should state that the appearance of defendants is special and made only for the purpose of contesting the jurisdiction of the court. *Green* v. *Green* (1889), 42 Kan. 654, 22 Pac. 730, 16 Am. St. 510; *Fisher Sons & Co.* v. *Crowley* (1905), 57 W. Va. 312, 50 S. E. 422, 4 Ann. Cas. 282, 2 R. C. L. 322.

Appellee further contends that, even though error was

committed in sustaining the demurrer to the plea to the jurisdiction, appellants waived such error by answering to the merits and proceeding to trial. While it is true, that some authority may be found to sustain this proposition, we do not think that it is sound on principle, or that it is sustained by the weight of authority. Where a defendant, at the proper time and in the proper manner, challenges the jurisdiction of the court over his person and his objection is overruled, he is then compelled, either to plead over or to suffer judgment by default, and he will not be held to have waived or abandoned his objection, because in that event he does not submit to further proceedings without contest. A defendant has a perfect right to remain out of court until he is regularly and legally brought in, and when an attempt is made to bring him in, in an irregular way, he has a right to object on the ground of such irregularity, at the proper time and in the proper manner. To hold that, after such objection is overruled, the defendant is required either to waive it or to abandon any further defense would clearly deprive him of a legal right. We are supported in the conclusion reached by the later cases in our own State, as well as by the weight of authority in other states. *Chandler* v. *Citizens Nat. Bank* (1898), 149 Ind. 601, 603, 49 N. E. 579; *Board, etc.* v. *Mowbray* (1903), 160 Ind. 10, 15, 66 N. E. 46; *Wilson* v. *Ward* (1902), 159 Ind. 21, 64 N. E. 458.

We regret that counsel for appellee have made no effort in their brief to sustain the ruling of the court which sustained his demurrer to the plea to the jurisdiction, but we have not treated this as a confession that the ruling was erroneous. We have carefully considered this pleading in the light of our statutory provisions and of the decisions of our courts. This court is of the opinion that the pleading in question states facts sufficient to show that the Superior Court of Allen County had no jurisdiction and the demurrer addressed thereto should have been overruled.

The court overruled the demurrer to appellee's complaint and this ruling is assigned as error. If the issue of fact tendered by the plea to the jurisdiction shall be decided adversely to the appellants, the trial court will then be required to pass upon the sufficiency of complaint for a second time. From appellee's complaint it appears that he purchased an auto truck for the agreed price of $1,575 and that he paid with the order, $250, and at the time of delivery, $100, and executed his notes for the remainder of the purchase price. The complaint further alleges that the truck was defective in certain particulars and failed to comply with certain warranties made by the sellers at the time of the sale. We omit any discussion of the allegations of the complaint in regard to the warranty and its breach, for the reason that appellee in his brief concedes that the complaint does not proceed upon the theory that appellee is entitled to a rescission of the contract on the ground of fraud and that he is attempting to enforce such rescission by this action. On the contrary, appellee asserts that the complaint proceeds on the theory that appellee and appellants, by mutual consent, agreed to rescind the contract, by appellee returning the truck and appellants returning to him his notes and the money which had been paid, and that the truck was returned and accepted under this agreement, and the notes also returned, but that appellants failed to comply with their agreement by the return of the cash.

The allegations of the complaint upon which appellee relies as showing a rescission of the contract by mutual agreement are as follows: "This plaintiff further 5. says that he returned said truck to the defendants' agent in the city of Fort Wayne, and told him that said car was deficient, as mentioned above and that he would not pay for the same; that said agent accepted the return of said truck, and has ever since retained the possession of the same, and has used it in the business of said defendants, and has in every way exercised ownership for the de-

fendants in said truck; that on the 28th day of August, 1911, the said defendants returned to this plaintiff all of the said notes, accepted and retained the possession of the said truck which had been returned by this plaintiff; that before the bringing of this action, this plaintiff demanded the return of the three hundred and fifty dollars ($350.00) paid by this plaintiff as part of the purchase price of said truck, and that said defendants have wholly failed and refused to return said money so paid; that this plaintiff is entitled to the return of all the money paid by him, to wit: the sum of three hundred and fifty dollars ($350.00), with interest from the 17th day of April, 1911.'' These allegations fall far short of stating facts sufficient to show an agreement between the parties to rescind the contract. They state that certain acts were performed which would have been necessary to consummate such an agreement to rescind. They state that appellee returned the truck and that it was accepted and retained by appellants as their property and that appellants afterward returned the notes of appellee given for the balance of the purchase price. It is not alleged, however, that these acts were done in pursuance of any agreement to rescind, or that any agreement was ever made between the parties whereby each agreed to return to the other what he had received under the contract of sale. For the want of such an allegation the complaint is clearly insufficient upon the theory presented.

The judgment is reversed with directions to overrule the demurrer to the plea to the jurisdiction, and for other proceedings not inconsistent with this opinion.

NOTE.—Reported in 106 N. E. 382. As to rescission of a contract and when, how and by whom it may be effected, see 50 Am. Dec. 672. For a discussion of the waiver of a special appearance by pleading to the merits, see 4 Ann. Cas. 290. As to the test as to whether an appearance is special or general, see Ann. Cas. 1914 A 1189. See, also, under (1) 3 Cyc. 515; Abatement and Revival 1 C. J. §34; (2) 31 Cyc. 358; (3) 3 Cyc. 502; (4) 3 Cyc. 525; Abatement and Revival 1 C. J. §36; (5) 35 Cyc. 609.