Mr. Justice GEORGE ROSE SMITH dissents.

SMITH CHICKERIES *v.* CUMMINGS, JUDGE.

5-612                                   276 S. W. 2d 48

Opinion delivered March 7, 1955.

744

*Wade & McAllister,* for petitioner.

*James R. Hale,* for respondent.

MINOR W. MILLWEE, Justice. Petitioner, Smith Chickeries, is a non-resident partnership engaged in business at Mexico, Missouri. It seeks a writ of prohibition to restrain the judge of the Washington Circuit Court from assuming jurisdiction over the person or proceeding further against it in the trial of a certain action pending in said court in which petitioner was made a cross-defendant.

On January 18, 1954, E. K. Gordon filed an action against L. M. Chemell in the Washington Circuit Court seeking a money judgment for damages in connection with a sale of "baby chicks." On June 4, 1954 Chemell filed answer and a cross-complaint against petitioner seeking judgment over against it for the amount of any recovery by Gordon against Chemell plus $500 expenses allegedly incurred by the latter in defending the action. A warning order was issued and published for petitioner and report of attorney ad litem duly filed.

On July 3, 1954 petitioner filed the following motion in circuit court:

> *"Special Appearance For Motion To*
> *Dismiss For Lack of Jurisdiction*

Comes now Smith Chickeries, one of the cross-defendants in the above styled cause, and appearing herein specially for the purpose of challenging the jurisdiction of this court and for no other purpose, states:

That this Court has no jurisdiction of the person of the defendant, Smith Chickeries, or the subject matter of this action.

WHEREFORE, defendant, Smith Chickeries, prays that the Cross-Complaint of L. M. Chemell be dismissed."

On July 7, 1954 Chemell filed "Demand for Admission of Facts" and "Interrogatories" addressed to petitioner pursuant to the provisions of Act 335 of 1953. On July 31, 1954 which was within 10 days after actual service of said demand and interrogatories upon petitioner's attorneys of record, petitioner filed the following pleading:

"*Special Appearance To Object To Demand For Admission Of fact And To Interrogatories Propounded By The Cross-Complainant, L. M. Chemell To Cross-Defendant, Smith Chickeries.*

Comes now Smith Chickeries, one of the cross-complainants in the above styled cause and without abandoning its Special Appearance for Motion to Dismiss for Lack of Jurisdiction, heretofore filed herein on July 3, 1954, and without waiving its objection to the jurisdiction of this Court to proceed with the trial of this case for lack of jurisdiction of the person of the defendant, Smith Chickeries, or the subject matter of this action, as alleged in said Motion, and states:

That on July 23, 1954, the Cross-Defendant, Smith Chickeries, was served with Demand for Admission of Fact and Interrogatories propounded by the Cross-Complainant, L. M. Chemell to the Cross Defendant, Smith Chickeries.

That said Cross-Defendant, Smith Chickeries, is not a party to this action and should not be required to an-

swer said Demand for Admission of Fact and Interrogatories Propounded by the Cross-Complainant, L. M. Chemell, until such time as said Cross-Defendant has been heard upon its Special Appearance for Motion to Dismiss for Lack of Jurisdiction to determine whether or not said Cross-Defendant, Smith Chickeries, is a party to this action.''

On August 21, 1954 the trial court overruled petitioner's Motion to Dismiss for Lack of Jurisdiction, treating it as a motion to quash, and on October 14, 1954 set the case for trial November 22, 1954. Petitioner filed the instant application for writ of prohibition October 20, 1954.

It is agreed by the parties that L. M. Chemell is seeking a judgment *in personam* against the non-resident petitioner in the absence of personal service; and that the circuit court is without jurisdiction to render such judgment against petitioner unless it entered a general appearance. Hence the sole issue is whether petitioner entered a general appearance by filing the two pleadings set out above.

It is well settled that a pleading is treated according to what its substance shows it to be, regardless of what it is called; and, under the code, pleadings are to be liberally construed, and every reasonable intendment is indulged in behalf of the pleader. *Geyer v. Western Union Telegraph Co.*, 192 Ark. 578, 93 S. W. 2d 660; *Goodyear Tire and Rubber Co. v. Meyer*, 209 Ark. 383, 191 S. W. 2d 826. We have also held that the statement of fact in a pleading, and not the prayer for relief, constitutes the cause of action. *Albersen v. Klanke*, 177 Ark. 288, 6 S. W. 2d 292.

The rule is well established by our decisions that one may submit to a jurisdiction which could not otherwise be acquired, and that one does submit who, without questioning jurisdiction, enters an appearance; and we have repeatedly held that any action on the part of the defendant, except to object to jurisdiction, which recognizes the case as in court, will amount to a general ap-

pearance. *Chapman and Dewey Lumber Co.* v. *Bryan,* 183 Ark. 119, 35 S. W. 2d 80; *Mutual Benefit Health and Accident Ass'n* v. *Moore,* 196 Ark. 667, 119 S. W. 2d 499. It is also the rule that a defendant may, after duly making a special appearance objecting to jurisdiction, appear on the merits with the jurisdictional question expressly reserved, and retain the right to present the issue of jurisdiction on appeal. *Sinclair Refining Co.* v. *Bounds,* 198 Ark. 149, 127 S. W. 2d 629; *American Farmers Insurance Co. of Phoenix, Arizona,* v. *Thomason, Gdn.,* 217 Ark. 705, 234 S. W. 2d 37.

Respondent earnestly insists that petitioner, by alleging that the court had no jurisdiction of the subject matter of the action in the first pleading, entered a general appearance, even though such allegation is coupled with the objection to the court's jurisdiction over petitioner's person. Whether a defendant may challenge the court's jurisdiction over the subject matter without submitting himself to its jurisdiction for all purposes presents a difficult question which involves a sharp division of authority. 6 C. J. S., Appearances, § 12 j. In an exhaustive annotation on the question in 25 A. L. R. 2d 833, the annotator says that, "some courts limit the right to appear specially for the purpose of challenging the jurisdiction of the court to an objection to jurisdiction of the person, while others make no distinction, in this respect, between an objection to jurisdiction over the subject matter and an objection to jurisdiction of the person." While this court has never passed on the exact question, we have said, as the annotator points out, that an appearance except for the purpose of challenging the court's jurisdiction is general without making any distinction between jurisdiction of subject matter and jurisdiction of person. See *Chapman and Dewey Lumber Co.* v. *Bryan, supra.*

We think the better reasoned cases support the view that an appearance which is otherwise special is not rendered general by the joining of the objection to jurisdiction over subject matter with the objection to jurisdiction over the person. Particularly should this be the

rule where there is nothing in any of the pleadings that affords the slightest factual basis or ground for the assertion that the court is without jurisdiction of the subject matter and where it appears undisputed that the defendant is a non-resident upon whom no personal service has been had or attempted, as in the case at bar. It is clear from the recitals of the two pleadings that petitioner intended to limit itself to a special appearance, and it is difficult to understand how it may be implied from the objection to the jurisdiction of the subject matter that petitioner thereby consented to an abandonment of its objection to jurisdiction of the person.

Respondent also contends that petitioner entered a general appearance by asking that the cross-complaint be dismissed in the prayer of the motion to dismiss. This is in reliance on the general rule that if a defendant in addition to objection to the jurisdiction in the motion to quash, also includes a motion to dismiss or invokes the power of the court to grant relief on other than jurisdictional grounds, he will be deemed to have entered a general appearance. 3 Am. Jur., Appearances, § 19. It is true that in ordinary motions to quash an attempted personal service the relief requested is that the summons or other attempted service be quashed and not that the complaint or action be dismissed. But personal service on petitioner was not attempted in the instant case, and it would appear somewhat awkward to request the quashing of something that did not exist. Perhaps it would have been more technically correct to have requested the quashing of the constructive service, but it is conceded throughout that such service afforded no basis for a personal judgment against petitioner, and the procedure that a court might take in quashing the publication of a warning order or some other step in the constructive service process is not too clear.

The general rule relied upon by respondent has been held not to apply where the motion to dismiss the action is made upon the same jurisdictional ground as the motion to quash service. *Phillips Petroleum Co.* v. *Smith,* 177 Okla. 539, 61 P. 2d 184, 107 A. L. R. 858. It is also held

that the principle of the general rule is not applicable where the additional relief requested is incidental to the jurisdictional objection and consistent with the court's lack of jurisdiction. See 1954 Cumulative Supplement to 3 Am. Jur., Appearances, § 19, *supra,* p. 131. This rule was given effect in *American Farmers Insurance Co. of Phoenix, Arizona* v. *Thomason, Gdn., supra,* in which a combination motion to quash and require plaintiff to specifically allege certain matters relating thereto was held not to constitute a general appearance where the whole purpose of the motion was to question the jurisdiction of the court and the requests for additional information were specifically directed to the jurisdictional issue.

Respondent also relies on *Harrison* v. *Bank of Fordyce,* 178 Ark. 760, 128 S. W. 2d 400. In that case there was an actual attempt at personal service and the defendant filed a second motion to quash which contained no recital that the appearance was special and in which it was alleged that the suit was brought in the wrong county. One of the reasons given for holding the appearance general was that this latter plea, if sustained, would not only require that the service of summons be quashed but that the "cause of action" be dismissed. In the instant case petitioner did appear specially and there was no request that the "cause of action" be dismissed and the allegation that the complaint be dismissed appears only in the prayer. In these circumstances we are unable to say that the relief prayed was so inconsistent with the court's jurisdiction as to amount to a general appearance.

Nor do we agree that petitioner entered a general appearance by filing the second pleading in which it objected to being required to make discovery until after a hearing on its motion to dismiss for lack of jurisdiction. Petitioner faced somewhat of a dilemma in that it risked the possibility of a general appearance by making a timely discovery and the consequences of § 12 of Act 335, *supra,* if it did not do so. The pleading was by special appearance in which petitioner expressly reserved the objections to jurisdiction set forth in the first

motion. The pleading was not tantamount to a request for a continuance of the case and, even if it were, proper reservation of the jurisdictional issue was duly made.

When the two pleadings in question are considered along with the other pleadings, and according to their substance, we are of the opinion that their whole purpose was to question the court's jurisdiction and did not amount to such substantive acts as to constitute a general appearance. The writ of prohibition is accordingly granted restraining the Washington Circuit Court from proceeding further against petitioner unless and until proper service is had upon it or a general appearance is entered.