NUTRENA MILLS, INC. *v.* PARSONS FEED & FARM SUPPLY, INC.

5-2680                                                    356 S. W. 2d 421

Opinion delivered April 23, 1962.

*Paul Jameson* and *O. E. Williams,* for appellant.

*Crouch, Blair & Cypert,* for appellee.

GEORGE ROSE SMITH, J.   The appellant, in an effort to collect a $5,346.47 judgment against Harold and Velma Millsap, obtained a writ of garnishment against the appellee. The garnishee failed to answer the writ within twenty days after it was purportedly served. Later on, and before the entry of judgment by default, the garnishee filed a motion to quash the service. This appeal is from an order granting that motion and quashing the service of the writ of garnishment.

There is ample evidence to support the trial court's finding that the attempted service was invalid. The deputy sheriff's return merely recited that he had served the writ by delivering a copy to Shorty Parsons, vice president of the appellee. The proof indicates that Shorty Parsons was not in control of the corporation's business. The governing statute requires that the service be had upon the president of the corporation or, in his absence, upon certain other officers, but there is no authority for serving a vice president not in control of the business. Ark. Stats. 1947, § 27-346. The return did not recite, and the evidence does not show, that the president of the corporation was unavailable. The purported service was therefore void. *Ark. Coal, Gas, etc., Co.* v. *Haley,* 62 Ark. 144, 34 S. W. 545; *Brick* v. *Sovereign Grand Lodge,* 196 Ark. 372, 117 S. W. 2d 1060.

It is insisted that the garnishee entered its appearance by filing this motion to quash the service:

"Comes now the above named garnishee and for its motion to quash service of the writ of garnishment filed herein alleges and states as follows:

"1.   That said writ was not served upon the garnishee in the time or manner prescribed by law.

"Wherefore, the garnishee prays that the service of said writ be quashed."

The appellant argues that the filing of this motion constituted a general appearance, because the garnishee did

not expressly state that it was appearing specially and only for the purpose of the motion.

This contention is untenable. Whether the filing of a particular pleading amounts to a general appearance or a special one is a question of substance rather than of form. *Smith Chickeries v. Cummings,* 224 Ark. 743, 276 S. W. 2d 48. Elsewhere it is uniformly held that a pleading such as a motion to quash, which raises only a jurisdictional issue, is a special appearance regardless of whether it contains an express statement to that effect. *In re Hite's Estate,* 155 Calif. 390, 101 P. 8; *Clark Milling Co. v. St. L. S. W. Ry. Co.,* 33 Ga. App. 660, 127 S. E. 783; *Whitesides v. Drage,* 56 Ind. App. 679, 106 N. E. 382; *Driscoll v. Tillman,* 165 Wis. 245, 161 N. W. 795.

Our own cases are in harmony with those cited. The mere filing of a motion to quash service is not a general entry of appearance, for the pleader does not intend to submit to the court's jurisdiction. *Gooch v. Jeter,* 5 Ark. 383; *Ferguson v. Ross,* 5 Ark. 517. "This court has adopted the rule that any action on the part of the defendant, *except to object to the jurisdiction,* which recognizes the case as in court, will amount to a general appearance." (Italics added.) *Payne v. Stockton,* 147 Ark. 598, 229 S. W. 44. It is clear that a motion such as the one before us, asking no relief except that the service be set aside, does not necessarily defeat its own needs by bringing the pleader into court for all purposes.

The holding in *Harrison v. Bank of Fordyce,* 178 Ark. 760, 12 S. W. 2d 400, is not contrary to this view. There the court mentioned the fact that the motion to dismiss did not recite a special appearance, but the decision was based upon a finding that the motion was in the nature of a demurrer, seeking a dismissal of the complaint rather than a mere quashing of the service. A similar set of facts was considered in *Roach v. Henry,* 186 Ark. 884, 56 S. W. 2d 577. After reviewing our cases we are convinced that this garnishee's motion did not have the effect of entering its appearance generally.

There is also a suggestion in the appellant's brief that the appellee went beyond the scope of its motion and sought to develop the merits of the case by proving that it was not indebted to the Millsaps. The record does not support this contention; the only point actually in issue was whether the service of the writ was valid.

Affirmed.