J. LESTER BOOKER ET UX v.
GREENVILLE GRAVEL COMPANY

5-5344                                    459 S. W. 2d 408

Opinion delivered November 2, 1970

*Mayes, McClellan, Arnold, Owen & McDermott,* for appellants.

*James M. Barker,* for appellee.

GEORGE ROSE SMITH, Justice. In the circuit court of Ashley county the plaintiff-appellee, Greenville Gravel Company, sued out a writ of garnishment upon a $2,-961.20 judgment it had obtained against Jerry L. Stanley. The writ of garnishment was purportedly served upon the appellants, J. Lester Booker and his wife, who failed to answer the writ within the time allowed by law. After a default judgment had been entered against the garnishees they filed a motion to quash the service and to set aside the default judgment, on the ground that they had not been properly served with process. This appeal is from the circuit court's order refusing to quash the service or to set aside the default judgment.

The facts, as far as they have been developed, are not in dispute. The writ of garnishment was directed to the sheriff of Saline county. Wayne Sullivan, a Saline county deputy sheriff, signed a return stating that the writ and the accompanying interrogatories "were served by the undersigned on J. Lester Booker and Mrs. J. Lester Booker, a partnership d/b/a J. Lester Booker Company, the Garnishee herein on the 2 day of December, 1968." The default judgment against the garnishees

was entered on March 17, 1969. On the following April 8 Greenville Gravel obtained a writ of execution directed to the sheriff of Pulaski county, which appears to be the Bookers' place of residence.

On April 21, 1969, the Bookers filed their motion to quash the writ of garnishment and to set aside the default judgment, for want of proper service of process. On September 3 the attorney for Greenville Gravel gave notice to the Bookers that the Bookers' motion to quash would be presented by Greenville Gravel to the Ashley circuit court for a hearing on September 12. The final order now under review, dated March 19, 1970, recites that on September 12, 1969, the argument of counsel was considered and the cause was submitted to the court with each party being given a reasonable time for the submission of a brief.

In October of 1969, while the cause was under submission, the Bookers filed an amended sheriff's return, signed by John Stitt, a Saline county deputy sheriff, stating that the writ and interrogatories were actually served on Mrs. Gertrude Harper rather than upon either Mr. or Mrs. Booker personally. The Bookers also filed two affidavits. The first, signed by the Bookers and by Mrs. Harper, stated that the Bookers had not been personally served and that the service had been upon Mrs. Harper, who appears to be an office employee of the Booker partnership, in Saline county. The second affidavit, signed by the two Saline county deputy sheriffs who handled the writ, was to the same effect.

Upon the undisputed proof in the record the circuit court was in error in sustaining the default judgment. We have no statute providing a distinct procedure for the service of process upon a partnership. Mr. and Mrs. Booker were being sued as individuals. Hence the deputy sheriff should have served them personally, either by delivering or offering copies of the writ to them or by leaving copies at their usual place of abode with a member of their family over the age of fifteen. Ark. Stat. Ann. § 27-330 (Repl. 1962). The deputy's failure

to comply with the statute rendered void the attempted service upon the garnishees. *Nutrena Mills* v. *Parsons Feed & Farm Supply*, 234 Ark. 1058, 356 S. W. 2d 421 (1962). Where the sheriff's return is false, its prima facie verity may be contradicted by proof of the truth. *Hirsch* v. *Perkins*, 211 Ark. 388, 200 S. W. 2d 796 (1947). That contradicting proof appears not only in the deputy's amended return but also in the two affidavits mentioned above.

Despite the deputy sheriff's noncompliance with the statute, Greenville Gravel argues that the amended return and supporting affidavits were not properly before the trial court, because they were filed after the cause had been taken under submission. It is plain enough, however, that the documentary proof was available to the trial judge. Not only was it on file in the clerk's office; it was specifically referred to in the Bookers' trial brief, which was filed in the trial court on October 24, 1969, and is included in the record now before us.

It does not appear, however, that an evidentiary hearing was actually held upon the Bookers' motion to quash the writ and set aside the default judgment. Such a hearing should have been held, to afford both sides an opportunity to develop their contentions by proof. We are unwilling to render a final judgment upon the basis of *ex parte* affidavits that may or may not prove to be true in the light of evidence produced at an adversary hearing. For that reason we reverse the present judgment and remand the cause for further proceedings.

Reversed.