## FIRST NATIONAL BANK of De WITT *v.* H & M LUMBER COMPANY

5-5803                                                477 S.W. 2d 850

Opinion delivered March 20, 1972

*Garland Q. Ridenour,* for appellant.

*Anderson & Anderson,* for appellee.

FRED JONES Justice. This is an appeal by the First National Bank of De Witt from a judgment of the Phillips County Circuit Court wherein the court overruled the bank's motion to quash service of a writ of garnishment upon it which was sued out by the appellee, H & M Lumber Company, on a default judgment rendered against its debtor, C. B. Shannon.

The H & M Lumber Company obtained a judgment by default in the amount of $574.52 against C. B. Shan-

non on February 27, 1970. A writ of garnishment was subsequently sued out by the lumber company against First National Bank of De Witt and was delivered to the sheriff of Arkansas County for service upon the bank. The sheriff made his return on the writ of garnishment bearing the notation that it was served on the First National Bank of De Witt on the 16th day of March, 1970, at 1:30 p.m.

The Bank failed to answer within the time prescribed by law, but on September 2, 1970, filed its motion to quash service of the writ of garnishment upon it for the reason that the writ was not served within the time and in the manner prescribed by law.

On March 23, 1971, a hearing was had on the motion at which time it was stipulated that Mr. C. P. Chaney, president of the bank, would testify that he was present in the bank on the day of alleged service and that he had no recollection of the writ being served on him personally or on any other officer of the bank. It was stipulated that Mr. Thomas R. Smith, cashier of the bank, would testify that he was present in the bank on the same date and that no recollection of the writ being served on that date and that he would further testify that C. B. Shannon had no funds on deposit with the bank. It was also stipulated that Mr. Ray Hambrick is vice-president of the ebank and was present in the bank on the day in question, but that he would testify that he had no recollection of the writ being seerved on him or any other officer of the bank or on any employee of the bank.

Sheriff Garrison testified that he served the writ on the First National Bank of De Witt at 1:30 p.m. by delivering a copy of the writ to Mr. Ray Hambrick who was an officer of the bank. The sheriff testified that he erroneously failed to insert Mr. Ray Hambrick's name in his return as the person to whom he delivered the copy of the writ. Under questioning by the court the sheriff testified that he was positive he served the writ on Mr. Hambrick.

On cross-examination the sheriff testified that he

was acquainted with Mr. C. P. Chaney in De Witt, but was not aware that he was president of the bank or chairman of the board of directors of the bank. He testified that when he served the writ on Mr. Hambrick, Mr. C. P. Chaney was not in the bank at that time and he made no effort to determine whether Mr. Chaney was in the county.

The trial court permitted the sheriff to amend his return showing that he served the writ upon "Mr. Ray Hambrick, vice-president." The court then refused to permit the First National Bank to file its answer to the interrogatories propounded in the writ of garnishment and rendered default judgment against the bank for the full amount of $574.52

Ark. Stat. Ann. § 31-504 (Repl. 1962) provides that writs of garnishment shall be served in the same manner as writs of summons, and Ark. Stat. Ann. § 27-346 (Repl. 1962) pertaining to the service of writs of summons provides as follows:

"When the defendent is a corporation, created by the laws of this state, the service of the summons may be upon the president, mayor or chairman of the board of trustees, and in case of the absence of the above officers, then it may be served upon the cashier, treasurer, secretary, clerk or agent of such corporation. . ."

The appellee contends that the above statue does not govern service of summons on an incorporated bank, but that the service on an incorporated bank is governed by Arek. Stat. Ann. § 27-351 (Repl. 1962) which reads as follows:

"Where the defendant is an incorporated bank, and the action is in a county in which there is a  branch thereof, the service may be upon the president or cashier of that branch."

We do not pass upon the queestion of which statute applies in the case at bar for the reason that proper service was not had under either statute. We agree with the appellant that this case is controlled by our deciseion in *Nutrena Mills, Inc.* v. *Parsons Feed & Farm Supply,*

*Inc.,* 234 Ark. 1058, 356 S. W. 2d 421. That case also involved a garnishment after judgment and the garnishee failed to answer within the proper time prescribed by law. The return on the service recited that the writ was served by delivering a copy to Shorty Parsons, vice-president of the appellee. In sustaining the trial court's finding that the attempted service was invalid, we said:

"The governing statute requires that the service be had upon the president of the corporation or, in his absence, upon certain other officers, but there is no authority for serving a vice president not in control of the business. Ark. Stats. 1947, § 27-346. The return did not recite, and the evidence does not show, that the president of the corporation was unavailable. The purported service was therefore void. *Ark. Coal, Gas, etc., Co.* v. *Haley,* 62 Ark. 144, 34 S.W. 545; *Brick* v. *Sovereign Grand Lodge,* 196 Ark. 372, 117 S.W. 2d 1060."

See also *Knights Honor of the World* v. *Epps,* 123 Ark. 371, 185 S. W. 809.

We, therefore, hold that the service was void in the case at bar and that the trial court should have granted the bank's motion to quash service.

Reversed and remanded.

Harris, C. J., concurs.