2011 Ark. 280

The **UNKNOWN HEIRS OF Catherine M. WARBINGTON, and Bert John Warbington, Trustee of the Warbington Family Trust and the Catherine M. Warbington Marital Trust, Appellant,**

v.

**FIRST COMMUNITY BANK and John Best and Paula Best, Appellees.**

No. 10–1093.

Supreme Court of Arkansas.

June 23, 2011.

Ralph M. Clifton, Brinkley, for appellant.

Lyons & Cone, P.L.C., by: Jim Lyons and Zac Baker, Jonesboro, for appellees John and Paula Best.

Marshall & Owens, P.A., by: W. Lance Owens, Jonesboro, and James F. Gramling, Jr., for appellee First Community Bank.

KAREN R. BAKER, Justice.

Appellants, the unknown heirs of Catherine M. Warbington, and Bert John Warbington, Trustee of the Warbington Family Trust and Catherine M. Warbington Marital Trust, appeal from an order of the Poinsett County Circuit Court denying their motion to vacate a foreclosure decree. Appellants argue that appellees' failure to perfect service of process rendered the foreclosure decree void and that no meritorious defense was required. We affirm.

Bert Warbington Sr. owned approximately 320 acres in Poinsett County, Arkansas. He died in 1984, leaving the property to his wife, Catherine Warbington, the Warbington Family Trust, and the Catherine M. Warbington Marital Trust (sometimes referred to as "trusts"). The trustee of the trusts was Bert John Warbington ("Bert Warbington" or "trustee").

In December 2002, separate appellee First Community Bank ("Bank")[1] loaned $175,000 to Catherine Warbington and the trusts, listing the real property as security. Bert Warbington executed a promissory note and mortgage on behalf of Catherine Warbington as her attorney-in-fact and on behalf of the trusts as trustee. Catherine Warbington died on May 26, 2004.

The Bank filed its foreclosure complaint on March 16, 2006, and named as defendants the unknown heirs of Catherine Warbington; the Warbington Family Trust; the Catherine M. Warbington Marital Trust; Bert John Warbington, trustee of the Warbington Family Trust and Catherine M. Warbington Marital Trust; Kenny Walker; and Gary Walker.[2] The complaint asserted that no payments had been made on the loan since January 24, 2005, leaving a principal balance of $122,272.39. The complaint asked that a special administrator be appointed to represent the interests of the estate of Catherine Warbington. Chris Gardner ("Gardner") was appointed as special administrator and an amended complaint was filed adding him as a defendant.

On April 25, 2006, summonses were issued to the Catherine M. Warbington Marital Trust, Bert Warbington, trustee, 2026 Castleman Drive, Nashville, Tennessee, 37125; the Warbington Family Trust, Bert Warbington, trustee, 2026 Castleman Drive, Nashville, Tennessee, 37125; and Chris Gardner, special administrator for the Unknown Heirs of Catherine Warbington. Process server Charles Scott ("Scott") executed two affidavits of service reflecting that he personally served Bert Warbington at his residence on May 17, 2006. Gardner filed an answer on behalf of the unknown heirs of Catherine Warbington, but Bert Warbington failed to file an answer on behalf of the trusts.

Gardner sent certified, restricted letters to Bert Warbington at 2026 Castleman Drive, Nashville, Tennessee, with notices of the special administration and the foreclosure action. Despite the restricted delivery, the postal service released the two notices to Lynda Warbington, Bert Warbington's wife. Gardner then had Bert Warbington personally served with the notice of foreclosure action and the notice of probate. A warning order was published in the Modern News[3] on July 13 and 20, 2006, notifying the unknown heirs of Catherine Warbington of the foreclosure action. A notice of his appointment as special administrator of the estate of Catherine Warbington was published by Gardner in the Modern News on those same dates.

A hearing was held on the foreclosure complaint on November 29, 2006, during which, Gardner consented to judgment on behalf of the unknown heirs. On December 8, 2006, based on the affidavit of Ben Massey, vice president of the Bank, a foreclosure judgment was entered finding that the parties before the court had consented to the judgment and were indebted to the Bank in the principal amount of $122,272.39, plus interest, costs, and fees.

Separate appellees John and Paula Best bought the real property at the foreclosure sale, and on January 18, 2007, the circuit court entered an order confirming the sale. On February 8, 2007, the circuit court closed the estate and discharged the special administrator.

---

1. First Community Bank is now known as IBERIABANK.

2. Kenny and Gary Walker are not parties to this appeal.

3. The Modern News is a newspaper published in the City of Harrisburg, Poinsett County, Arkansas.

On March 21, 2007, appellants filed a motion to vacate the foreclosure. They asserted that the judgment was void by operation of law because Bert Warbington had not been personally served as trustee. They further argued that Bert Warbington was not named individually though he was a known heir, and thus the court did not have personal jurisdiction over him and that Bert Warbington, the trusts, and Kathleen Warbington[4] were essential and necessary parties to the action. Appellants asserted that the attempted service by Gardner upon Bert Warbington was defective and asked that the judgment be set aside, that the sale of the property be repealed, and that the property be returned to its rightful and legal owners.

On January 26, 2010, following a hearing on the motion to vacate, the circuit court denied the motion, finding that Bert and Kathleen Warbington were unknown heirs and that Gardner had filed an answer on their behalf and had effectuated service of the foreclosure action by publication of the warning order. The court further found that Gardner provided notice of his appointment and the pendency of the foreclosure action to Bert Warbington by certified mail and that Scott had personally served him with notice of the foreclosure action and the appointment of Gardner. The court found that Gardner's consent to the judgment of foreclosure was binding on the heirs and that the trustee was personally served by Scott and failed to respond. This appeal followed.

Appellants argue that the circuit court erred in denying the motion to vacate the foreclosure decree as void because Bert Warbington was not personally served. If a party claims that the judgment is void, then the matter is a question of law, which we review de novo. *Nucor*

*Corp. v. Kilman,* 358 Ark. 107, 186 S.W.3d 720 (2004). De novo review means that the entire case is open for review. *ConAgra, Inc. v. Tyson Foods, Inc.,* 342 Ark. 672, 30 S.W.3d 725 (2000). We do not, however, reverse the circuit court's findings of fact unless they are clearly erroneous. *Id.*

Service of valid process is necessary to give a court jurisdiction over a defendant. *Patsy Simmons Ltd. P'ship v. Finch,* 2010 Ark. 451, 370 S.W.3d 257. Service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Id.*

Appellants admit that the location listed in the summons was Bert Warbington's residence; however, they contend that he was not personally served by Scott. At the hearing on the motion to vacate, Bert Warbington testified that he was not in the State of Tennessee at the time the process server stated that he served him. Lynda Warbington testified that on May 17, 2006, she was in the yard when the process server handed her an envelope and asked her to sign for it. To rebut this evidence, the deposition of Scott was introduced wherein he specifically stated that he personally served Bert Warbington on the date and with the documents reflected in the return of service. The return of service reflected that a summons, complaint, notice of lis pendens, amended complaint, and amended notice of lis pendens were served upon the Trustee on May 17, 2006, at his residence.

The return of service is prima facie evidence of service. *Lyons v. Forrest City Mach. Works, Inc.,* 301 Ark. 559, 785 S.W.2d 220 (1990); *see also* 2 David Newbern & John J. Watkins, Ark. Civil Prac. & Proc. § 12:17 (5th ed.2010). The party

4. Kathleen Warbington is not a party to this appeal.

claiming that service was not had has the burden of proof to overcome the prima facie case created by the proof or return of service. *Booker v. Greenville Gravel Co.,* 249 Ark. 330, 459 S.W.2d 408 (1970); *see also Valley v. Helena Nat'l Bank,* 99 Ark. App. 270, 259 S.W.3d 461 (2007) (establishment of prima facie case shifts burden to party claiming that service was not valid).

Whether service was had in this case is a question of fact. *See Booker, supra.* The credibility of the evidence to rebut proof of service was a matter for the circuit court to decide. *Id.* We cannot state that the circuit court clearly erred in finding that there was personal service and denying the motion to vacate.

■ Appellants also assert that Bert Warbington was a known heir when the complaint in foreclosure was filed, and as such, Arkansas Rule of Civil Procedure 4 and due process required that the Bank name him as a party.[5] The circuit court found that the warning order was validly issued. We agree.

■ Rule 4(f)(1) of the Arkansas Rules of Civil Procedure provides that, if it appears by the affidavit of a party seeking judgment or his attorney that, after diligent inquiry, the identity of a defendant remains unknown, service shall be by warning order issued by the clerk. This rule permits constructive service by warning order only if the identity of the defendant is unknown "after diligent inquiry." Failure to ascertain the identity of an unknown party, however, does not mean that a diligent inquiry was not made. *See, e.g., Phillips v. Commonwealth Sav. & Loan Ass'n,* 308 Ark. 654, 826 S.W.2d 278 (1992).

After the default in payment on the note, the Bank solicited title work on the property in contemplation of the foreclosure action. The title company issued a commitment to the Bank effective March 6, 2006. It reflected that the fee simple in the property was owned one-half by Catherine Warbington; one-fourth by Bert Warbington as trustee of the Warbington Family Trust; and one-fourth by Bert Warbington as trustee of the Catherine M. Warbington Marital Trust. Dean Terry, who performed the title work, testified that he searched the probate records and did not find an open estate. Two pleadings from the estate of Catherine Warbington were introduced into evidence at the hearing. One was the petition for appointment of administrator filed by Bert Warbington on October 20, 2005, and the second one was an order appointing Bert Warbington administrator on April 27, 2006, which declared that the estate of Catherine Warbington was "hereby" opened.

■ Appellants contend that a diligent inquiry was not made because the petition for appointment of administrator reflected that Bert and Kathleen Warbington were the heirs of Catherine Warbington, and that such was a matter of public record before the filing of the complaint in foreclosure on March 16, 2006. We disagree. While the petition was filed prior to the filing of the complaint, the estate was not opened until April 27, 2006, after the title work was performed and the complaint was filed. As this was the only proof presented that Bert Warbington's identity was known, we cannot say that the circuit court erred in finding that he was an unknown heir. Because constructive service

---

5. While appellants challenge the warning-order affidavit of the Bank attesting that it had been unable to locate any information regarding the unknown heirs, this argument was not presented to the circuit court. This court will not address arguments raised for the first time on appeal. *Burdine v. Ark. Dep't of Fin. & Admin.,* 2010 Ark. 455, 379 S.W.3d 476.

by warning order is valid after diligent inquiry, the circuit court had jurisdiction over Bert Warbington as an unknown heir, and the motion to vacate for lack of jurisdiction was properly denied. Given our resolution of this issue, we need not address appellants' remaining arguments.[6]

Affirmed.

---

6. While appellants advance many arguments concerning the special administrator and his authority to act, because of our determination that Bert Warbington was an unknown heir who was properly served by warning order, we do not address those arguments.